EX PARTE NEAL EDGAR AEBY.

No. 24828. April 19, 1950.
Motion for Rehearing Denied (Without Written Opinion) May 17, 1950.

*Hardin & Hardin,* and *Mays & Mays* and *Dave Miller,* Ft. Worth, for relator.

*Stewart W. Hellman,* Criminal District Attorney, *W. H. Tolbert* and *James E. Whitmore,* Assistants Criminal District At-

torney, Ft. Worth, and *George P. Blackburn*, State's Attorney, Austin, for the state.

GRAVES, Judge.

This is a second application for a writ of habeas corpus by relator, his first application being our No. 24,784, decided March 22, 1950 (Page 391 of this volume) ; such last numbered case being affirmed in which a denial of bail by the trial court was upheld.

In his present case, relator alleges that since his first application for the writ of habeas corpus was heard and disposed of, "there has come to his knowledge new, important and material evidence in his behalf, none of which was produced on any of the previous trials, and none of which was known to him until this the 3rd day of April, 1950."

In his allegation relator was evidently governed by Article 171, Vernon's Ann. C.C.P., which reads in part as follows:

"A party may obtain the writ of habeas corpus a second time by stating in application therefor that since the hearing of his first application important testimony has been obtained which it was not in his power to produce at the former hearing," etc.

Attached to this application we find the affidavit of one, Odessa Coyle, which says in substance that she saw relator about the hour of 7:00 or 7:30 o'clock P. M., on January 17, 1950, at Dallas, Texas; that he delivered some clothes at her house in Dallas at such hour.

Relator does not show that the testimony of this witness was not in his power to produce at the former hearing other than he says he did not remember at such hearing that he had visited this witness' home in Dallas at such time; that he could not remember about this trip at the first hearing.

We are impressed with the belief that the fact now offered as new and important testimony was known to him at the time of the first hearing and should not be used by the trial court in this second hearing. The materiality of such testimony is only shown that on January 17, 1950, near 7:30 o'clock P. M., he was seen at Dallas, Texas. The indictment in the original cause alleges the offense to have been committed on January 17, 1950, in Tarrant County, Texas, and the proof in our Cause No. 24,784, shows that the offense charged took place "late at night",.

appellant being identified by the two parties who were robbed at such time. The fact that relator was seen in Dallas at about 7:30 P. M., would not be evidence that he was not seen thereafter "late at night" in Fort Worth, in an adjoining county.

We think the trial judge was correct in holding that relator was not entitled to a second writ of habeas corpus, and also correct in remanding him to jail without bond.

The judgment is affirmed.