419 F.2d 1311
 Alvin SETTLER, Appellant,
v.
Wilson LAMEER, Chief of Police, William Yallup, Chief Judge,
Yakima TribalCourt, Appellees.
Mary SETTLER, Appellant,
v.
Wilson LAMEER, Chief of Police, William Yallup, Chief Judge,
Yakima TribalCourt, Appellees.
 Nos. 23618, 23619.
 United States Court of Appeals Ninth Circuit.
 Dec. 22, 1969.
 
 Francis Conklin (argued), Spokane, Wash., for appellants.
 James B. Hovis (argued), Yakima, Wash., for appellees.
 Before BARNES, ELY and HUFSTEDLER, Circuit Judges.
 PER CURIAM:
 
 
 1
 These are appeals pursuant to 28 U.S.C. 1294 (1964) from orders of the United States District Court for the Eastern District of Washington denying each appellants' request for issuance of an order to show cause requiring appellees, as Chief of Police and Chief Judge of the Yakima Indian Tribal Court wherein appellants were convicted in August of 1968, to deliver petitioners to district court for an evidentiary hearing on appellants' petitions for writs of habeas corpus. The district court reasoned that since appellants were free on bail, appellees could not be directed to produce appellants before the court for any purpose. Settler v. Lameer, Docket No. 2454 (E.D.Wash., filed Sept. 11, 1968).
 
 
 2
 Congress passed the Indian Civil Rights Bill in 1968. 25 U.S.C.A. 1301 et seq. (Supp.1969). Section 1303 of that bill states:
 
 
 3
 'The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian Tribe.'
 
 
 4
 At oral argument before this court the parties agreed that in light of section 1303, the district court has jurisdiction to entertain the petitions in question. They agreed further that these matters should be remanded to the District court for a hearing on the merits. We endorse this agreement. Compare the companion opinion in Settler v. Yakima Tribal Court, 9 Cir., 419 F.2d 486, where we hold that before the effective date of the Indian Civil Rights Bill, habeas corpus was available as a device to obtain review of decisions of the Yakima Tribal Court even where the one convicted was fined rather than given a prison sentence.
 
 
 5
 We thus reverse the district court's denial to issue show cause orders, and remand for an evidentiary hearing on the merits of the petitions.