**John S. EDMUNDS,
Petitioner-Appellee,**

v.

**Robert WON BAE CHANG, Individually and in his capacity as Judge, First Circuit Court, State of Hawaii, Respondent-Appellant.**

**No. 74–1463.**

United States Court of Appeals,
Ninth Circuit.

Jan. 2, 1975.

---

**40**

George Pai, Atty. Gen. of Hawaii, Honolulu, Hawaii, for respondent-appellant.

Paul N. Halvonik, of Friedman, Sloan & Halvonik, San Francisco, Cal., Burnham H. Greeley, Honolulu, Hawaii, for petitioner-appellee.

Before LUMBARD,* KOELSCH and DUNIWAY, Circuit Judges.

KOELSCH, Circuit Judge:

The primary question on this appeal is whether a person against whom a fine has been imposed by a state court is "in custody" within the meaning of the federal habeas corpus statute, 28 U.S.C. §§ 2241, 2254. The district court, concluding that he is, proceeded to the merits of petitioner Edmunds' claim and granted a writ, 365 F.Supp. 941 (D.Hawaii 1973).[1] We disagree on the jurisdictional question and, accordingly, reverse.

We are fully aware that the Supreme Court in recent years has extended the scope of the Great Writ to persons whose circumstances fall outside conventional notions of physical custody. *See, e. g.,* Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

In · *Hensley,* the Court recognized the trend of its recent decisions, emphatically denouncing such interpretations of the habeas corpus statute as "would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements." 411 U.S. at 350, 93 S.Ct. at 1574. It also put the custody requirement of the statute in perspective:

"The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither

---

* The Honorable J. Edward Lumbard, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

1. The facts of this case are fully set forth in the district court's opinion.

severe nor immediate." 411 U.S. at 351, 93 S.Ct. at 1574.

Applying these principles to the case before us, we conclude that there is insufficient "custody" present for the invocation of habeas corpus relief; the claimed restraints on Edmunds' liberty are neither severe nor immediate enough to justify the remedy.

The sole punishment confronting Edmunds is a $25 fine; there is no provision in the sentence for his confinement in the case of non-payment. True enough, a threat of incarceration is implicit in any court-imposed fine, for jail is one of the sanctions by which courts enforce their judgments and orders. Hence a fine may in some circumstances ultimately prove to be the price of freedom. But until confinement is imminent—as it was in *Hensley* where only a stay held off execution of the petitioner's one-year jail sentence—the "special urgency" justifying use of the habeas remedy is notably absent.[2]

In this regard, we reject the district court's conclusion that the threat of confinement raised by a pending contempt proceeding based on Edmunds' failure to pay the fine supplies the requisite "custody"; should the stay presently in force be lifted, the resultant hearing could have any number of possible outcomes, only one of which is incarceration. At this juncture, confinement is no more than a speculative possibility—"the unfolding of events may render the entire controversy academic." *Hensley, supra,* at 352, 93 S.Ct. at 1575.[3]

Neither do we agree that the possibility of disciplinary action against Edmunds provides the requisite "restraint on liberty." No showing has been made that such a proceeding is pending or even contemplated. Moreover, in view of the nature of the record upon which the conviction of contempt is based, the imposition of professional discipline appears most unlikely.[4]

Nor do we agree that the existence of the contempt judgment amounts to a severe restraint on Edmunds' liberty because it injures his reputation as a lawyer or adversely affects the "delicate balance of [his] harmony with the courts." 365 F.Supp. at 944. He has made no showing of either of these supposed effects of the judgment, and such incidental professional disability as we may presume exists under the circumstances is insufficient to provide the requisite restraint.[5]

What we have here is the imposition of a fine, pure and simple. We trust that whatever Congress meant by the word "custody" when it enacted the habeas corpus statute, it did not intend to authorize federal intervention into state judicial proceedings to review a "fine only" sentence. The Court has made clear in *Hensley* that the custody requirement exists to distinguish between "severe restraints on individual liberty" and those which are not severe. If the latter category does indeed exist, we are

2. That the instant case is not governed by the holding of *Hensley* is clear from the Supreme Court's statement of the issue there:

"The question presented for our decision is a narrow one: namely, whether the conditions imposed on petitioner as the price of his *release* constitute 'custody' as that term is used in the habeas corpus statute." 411 U.S. at 348, 93 S.Ct. at 1573 (emphasis added).

*Cf.* Huante v. Craven, 500 F.2d 1004 (9th Cir. 1974).

3. Here we cannot say that the conclusion that petitioner is not in custody "would do no more than postpone this habeas corpus action until petitioner [has] begun service of his sentence." *Hensley, supra,* at 352, 93 S.Ct. at 1575. No sentence of confinement presently exists, and none may be forthcoming.

4. Of the six judges who have reviewed the facts claimed to constitute the contempt (the district judge and five justices of the Hawaii Supreme Court), three held the conduct contemptuous and three held it was not. Were we to reach the merits here, we might have considerable difficulty labelling the determination of the district court (that the conduct was not contemptuous) clearly erroneous.

5. By the same logic, a taxi-driver might argue that he is "in custody" by reason of a fine for a traffic violation. *Cf.* Westberry v. Keith, 434 F.2d 623 (5th Cir. 1970).

clear that a "fine only" sentence falls within it.[6]

Reversed and remanded with instructions to dismiss the petition.

**6.** We read neither Settler v. Yakima Tribal Court, 419 F.2d 486, 489–490 (9th Cir. 1969), cert. denied, 398 U.S. 903, 90 S.Ct. 1690, 26 L.Ed.2d 61 (1970), nor Weiss v. Burr, 484 F.2d 973 (9th Cir. 1973), as controlling.

In *Yakima*, this court held "that before the effective date of the Indian Civil Rights Bill, habeas corpus was available as a device to obtain review of decisions of the Yakima Tribal Court even where the one convicted was fined rather than given a prison sentence." Settler v. Lameer, 419 F.2d 1311, 1312 (9th Cir. 1969), cert. denied, 398 U.S. 903, 90 S.Ct. 1690, 26 L.Ed.2d 61 (1970). We observed in *Yakima* that the petitioner had "*no other procedural recourse*" for effective judicial review of the constitutional issues he raises." 419 F.2d at 490 (emphasis added). Moreover, the provision of Settler's sentence providing for his suspension from fishing activities in the event he failed to pay the fine provided a significant restraint on his liberty under all the circumstances of that case.

In *Weiss*, where the sentence on one of five counts of contempt was a fine only, we reviewed the propriety of all five convictions; but the issue of "custody" was neither argued nor discussed in the opinion.