**Gilbert Manley SPRING, Petitioner,**

v.

**Harry CALDWELL, Chief of Police, City of Houston, Felix M. Stanley, Presiding Judge of the Municipal Courts, City of Houston, Harris County, Texas, Respondents.**

Civ. A. No. H–79–2570.

United States District Court,
S. D. Texas,
Houston Division.

June 25, 1981.

---

Larry Sauer, J. Patrick Wiseman, Nelson & Mallett, Houston, Tex., for petitioner.

John Helm, Asst. City Atty., Houston, Tex., for respondents.

## MEMORANDUM AND ORDER

SEALS, District Judge.

This is a petition for a federal writ of habeas corpus brought under 28 U.S.C. § 2241. Petitioner alleges that he is being deprived of his liberty in violation of the Constitution of the United States.

Petitioner was arrested on November 13, 1975, for refusing to identify himself to a police officer, in violation of Section 38.02 of the Texas Penal Code.[1] On March 23, 1976, petitioner was convicted in the Houston Municipal Court and fined $100 plus costs for violation of Section 38.02. He then appealed to the Harris County Criminal Court at Law. There, petitioner attacked the validity of his conviction on the constitutional grounds raised in his federal habeas petition as claims two, three[2], four, five, six, seven, and nine. The County Court affirmed his conviction.

Under Texas law an appeal from a municipal court to a county court is subject to

---

[1]. The section reads as follows: "§ 38.02 FAILURE TO IDENTIFY AS WITNESS

(a) A person commits an offense if he intentionally refuses to report or gives a false report of his name and residence address to a peace officer who has lawfully stopped him and requested the information."

[2]. Petitioner's third claim alleges a violation of the Constitution of the state of Texas only and is therefore not cognizable in this Court. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

further review only if a fine exceeding $100 is imposed. Vernon's Ann.C.C.P. art. 4.03. Thus, the decision of the County Court was by the highest court of the State to which the petitioner could appeal. Thereafter, petitioner filed an application for a writ of habeas corpus in the Harris County Criminal Court at Law, alleging a denial of his rights to equal protection of the law and effective assistance of counsel. These same grounds are raised in his federal habeas petition as claims twelve and thirteen. The County Court issued the writ but denied relief. Petitioner then appealed to the Texas Court of Criminal Appeals which affirmed the judgment of the County Court denying relief and affirmed again on motion for rehearing. Finally, petitioner filed a second state petition for a writ of habeas corpus in the Harris County Criminal Court. The County Court on December 14, 1979, refused to issue the second writ. This second petition raised for the first time the additional claims set forth as claims one, eight, ten, and eleven[3] in petitioner's federal habeas corpus petition.[4] The Houston Municipal Court issued a Capias Pro Fine to enforce its judgment, which was stayed by order of this Court on December 17, 1979.

### IN CUSTODY

■ It is first necessary to address the question of whether a person against whom a fine has been imposed by a state court and against whom a Capias Pro Fine has been issued by that court is "in custody"

within the meaning of the federal habeas corpus statute, 28 U.S.C. §§ 2241, 2254. It is clear that an individual no longer need be in physical custody in order to obtain habeas relief. *See, e. g., Lefkowitz v. Newsome*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975) (overruled on other grounds, *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976)); *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Carafas v. La Vallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

Courts have held, however, that the imposition of a fine *alone* is not within the intendment of federal habeas jurisdiction. *Westberry v. Keith*, 434 F.2d 623 (5th Cir. 1970). *Accord, Wright v. Bailey*, 544 F.2d 737 (4th Cir. 1976); *Russell v. City of Pierre, South Dakota*, 530 F.2d 791 (8th Cir. 1976); *Edmunds v. Won Bae Chang*, 509 F.2d 39 (9th Cir. 1975); *Pueschel v. Leuba*, 383 F.Supp. 576 (D.Conn.1974). In *Wright*, the United States Court of Appeals for the Fourth Circuit held that a fine alone with no provision for incarceration in the event of non-payment was insufficient to satisfy the "in custody" requirement. *Wright*, 544 F.2d at 739. Similarly, the Ninth Circuit in *Edmunds* stated that where the only pun-

---

**3.** The additional claims are as follows:

   1. Petitioner may not be punished for refusing to identify himself even if such is within the context of a lawful investigatory stop.

   8. The statute under which petitioner was convicted, Section 38.02 of the Texas Penal Code, is void because it is violative of the First, Fourth, and Fifth Amendments to the United States Constitution.

  10. The statute under which petitioner was convicted, Section 38.02 of the Texas Penal Code, is unconstitutional in that it violates the petitioner's reasonable expectation of privacy as he was subjected to an arbitrary invasion solely on the unfettered discretion of the arresting officers.

  11. The initial "stop" of the petitioner was an arbitrary and abusive police practice

which exceeded the limits tolerated by the United States Constitution and the Constitution of the state of Texas.

**4.** Arguably, petitioner had raised his First Amendment challenge, part of his eighth federal habeas claim, in his brief on appeal to the County Court. (Petitioner's Exhibit no. 14 at 12). Also, petitioner touched upon portions of his tenth and eleventh federal habeas claims in his brief. (Petitioner's Exhibit no. 14 at 11, 13). Additionally, defense counsel at petitioner's trial in Municipal Court raised Fourth and Fifth Amendment challenges, but these were in the context of objections to the admissibility of testimony and were directed to the alleged illegality of the stop not to the infirmity of the statute. (Petitioner's Exhibit no. 8 at 37).

ishment is a fine, and the court has not yet chosen to impose jail as a sanction for enforcing its judgment, then the custody requirement is lacking. The court in *Edmunds* went on to state that "a fine may in some circumstances prove to be the price of freedom"—where confinement is imminent. *Edmunds*, 509 F.2d at 41.

■ The case *sub judice* is readily distinguishable from these cases because the County Court has chosen to impose jail as a sanction for enforcing its judgment, and only a stay issued by this Court thwarted the execution of the Capias Pro Fine issued for the petitioner. (Petitioner's Exhibit no. 3).

The United States Supreme Court in *Hensley v. Municipal Court, supra,* held that a petitioner is "in custody" when he is subject to severe and immediate restraints on his personal liberty not shared by the public generally. There the Court emphasized the fact that the petitioner only remained at large by the grace of a stay it had entered in his behalf. *Hensley*, 411 U.S. at 351, 93 S.Ct. at 1574–1575.

Confinement is as imminent for petitioner here as it was in *Hensley.* Petitioner remains at large only by the grace of a stay issued by this Court. This is not a case of an imposition of a fine, pure and simple, nor is confinement here merely a speculative possibility.

## EXHAUSTION OF STATE REMEDIES

■ The law of this Circuit is that a petitioner must exhaust all of the claims in his or her federal habeas petition before a court will entertain the petition. *Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978) (en banc). Mixed petitions containing exhausted and unexhausted claims that do not fit an exception to the exhaustion doctrine must be dismissed without prejudice. *Id.* at 355. For a claim to be exhausted, the state courts must have been apprised of the facts and the legal theory upon which the petitioner based his or her claim. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The exhaustion doctrine is satisfied if the federal claim is presented to the state courts either on direct review or collateral attack. *Bufalino v. Reno*, 613 F.2d 568 (5th Cir. 1980).

■ The Court is of the opinion that the petitioner did not squarely raise his federal habeas claims one, eight, ten, and eleven until his second state petition for a writ of habeas corpus to the County Court. Respondents, in their initial proposed findings of fact and conclusions of law, conceded that petitioner had exhausted his state remedies as to all claims. The Court on this basis alone could have considered petitioner's state remedies exhausted and reached the merits of petitioner's claims, and respondents could not later be heard to complain. *See Grooms v. Wainwright*, 610 F.2d 344 (5th Cir. 1980); *Messelt v. State of Alabama*, 595 F.2d 247 (5th Cir. 1979); *West v. Louisiana*, 478 F.2d 1026 (5th Cir. 1973), *aff'd in pertinent part en banc*, 510 F.2d 363 (5th Cir. 1975); *Goins v. Allgood*, 391 F.2d 692 (5th Cir. 1968). The Court, however, in the interest of comity asked the parties to readdress this issue in a hearing held before it on March 20, 1981. Respondents now claim that petitioner has not fully exhausted the additional claims which he raised in his second state habeas petition. Respondents argue, that under Texas law, where the county court refuses to issue a writ of habeas corpus attacking the validity of a misdemeanor conviction the petitioner has the additional remedy of presenting his application to another judge having jurisdiction.

Under Texas law the county and district courts have original jurisdiction in habeas corpus proceedings when a petitioner attacks the validity of a misdemeanor conviction. Vernon's Ann.C.C.P. arts. 11.05, 11.09. Where the court issues the writ but denies relief the petitioner may appeal the order denying relief. *Ex parte Johnson*, 561 S.W.2d 841 (Tex.Cr.App.1978); *Ex parte Crosley*, 548 S.W.2d 409 (Tex.Cr.App.1977); *Ex parte Phelper*, 433 S.W.2d 897 (Tex.Cr. App.1968). However, where the court refuses to issue the writ the petitioner may not appeal, but he or she can present the

application to another judge having jurisdiction. *Johnson*, 561 S.W.2d at 842; *Mayes v. State*, 538 S.W.2d 637 (Tex.Cr. App.1976). On this basis, respondents maintain that the petitioner should have presented his application to another county or district judge before seeking relief in federal court. The thrust of respondents' argument is that petitioner has failed to exhaust his state remedies, as required by 28 U.S.C. § 2254(c), on those claims raised for the first time in his second state habeas petition.

■ Section 2254(c) states that an applicant "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Section 2254, however, does not bar habeas corpus relief because of a petitioner's "failure to exhaust state remedies no longer available at the time habeas is sought." 28 U.S.C. § 2254(b) (1970); *Fay v. Noia*, 372 U.S. 391, 434, 83 S.Ct. 822, 846, 9 L.Ed.2d 837 (1963) (overruled on other grounds, *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)); *Galtieri*, 582 F.2d at 354. The state remedy must be both adequate and available. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

■ For both of these reasons, respondents' argument must fail. First, "comity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, *refused* or been unable to act upon the claim." *Galtieri*, 582 F.2d at 354 n.12, *quoting Martin v. Estelle*, 546 F.2d 177, 178 (5th Cir. 1977) (emphasis added). Respondents argue that when the County Court refused to issue the second writ of habeas corpus, petitioner should have presented the petition to another county or district court. The Texas Court of Criminal Appeals, however, has stated that it would be unlikely for another judge to entertain the petition where the conviction has occurred in another court, and that court has refused to issue the writ. *Mayes*, 538 S.W.2d at 639 n.1. The mere possibility of success in additional state proceedings does not bar federal consideration of the claim. *Wilwording v. Swenson*, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). Second, the petitioner is precluded by Texas law from presenting these new issues in a second state post-conviction petition. Pursuant to Vernon's Ann.C.C.P. art. 11.59, a party may obtain a second writ of habeas corpus when he or she has obtained important new testimony not in his or her power to produce previously. *See Ex parte Vance*, 608 S.W.2d 681 (Tex.Cr.App.1980); *Ex parte Aeby*, 154 Tex.Cr.R. 575, 229 S.W.2d 378 (Tex.Cr.App.1950). The additional grounds for relief requested in petitioner's second state habeas petition were not based upon the discovery of any new testimony. Thus, we believe that the petitioner is precluded by Texas law from presenting these new issues,[5] and he therefore had no adequate state remedy available at the time he filed his federal habeas petition. The absence of a state remedy that is both adequate and available excuses the need for state exhaustion of petitioner's claims one, eight, ten, and eleven.[6] *Preiser*, 411 U.S. at

---

5. There may exist judicially created exceptions to this rule. The Texas Court of Criminal Appeals, by way of dicta and without reference to Article 11.59, has indicated that for "various reasons," not explained, one may be entitled to a second writ on other grounds. *Ex parte Carr*, 511 S.W.2d 523 (Tex.Cr.App.1974). Also, Texas courts have espoused the doctrine that the question of the constitutionality of a statute will be entertained regardless of when or how the question is presented. *Barnes v. State*, 75 Tex.Cr.R. 183, 170 S.W. 548, 550 (Tex.Cr.App. 1914); *Accord Gann v. Keith*, 151 Tex. 626, 253

S.W.2d 413, 417 (1952); *Gohlman, Lester & Co. v. Whittle*, 114 Tex. 548, 273 S.W. 808, 812 (1925); *Lovejoy v. Lillie*, 569 S.W.2d 501, 503 (Tex.Civ.App.1978). However, the mere possibility of success will not bar federal relief. *Wilwording*, 404 U.S. at 250, 92 S.Ct. at 408–409.

6. Respondents have not raised the issue of waiver of these additional claims, and the State courts have chosen to remain silent as well. Accordingly, we will not address this issue.

477, 93 S.Ct. at 1829; *Fay*, 372 U.S. at 435, 83 S.Ct. at 847; *Smith v. Estelle*, 562 F.2d 1006 (5th Cir. 1977); *Witham v. Mabry*, 596 F.2d 293 (8th Cir. 1979); *Todd v. Lockhart*, 360 F.Supp. 950 (E.D.Ark.1973) *rev'd on other grounds*, 490 F.2d 626 (8th Cir. 1974). *Cf. Keener v. Ridenour*, 594 F.2d 581 (6th Cir. 1979); *Hallowell v. Keve*, 555 F.2d 103 (3rd Cir. 1977); *United States ex rel. Bracey v. Petrelli*, 356 F.Supp. 699 (N.D.Ill. 1973).

## FACTUAL BACKGROUND/CONSTITUTIONAL ISSUES

The evidence as shown in the trial court transcript portrays the sequence of events which resulted in petitioner's arrest. On November 13, 1975, Officers Jennings and Paramore of the Houston Police Department were dispatched to the 1800 block of Congress Street, in the city of Houston, to investigate a complaint about a prostitute working in the area. After establishing a position of surveillance, in their patrol car, the officers observed a Ms. Sanchez, known to them as having previously been arrested for prostitution, approach a man and engage him in conversation. The officers saw the man shake his head and walk away. The officers then observed Ms. Sanchez approach the petitioner and converse with him for a brief period of time. While the two were talking, the officers drove up and requested the petitioner to identify himself, which he refused to do. Officer Jennings then placed petitioner under arrest for his refusal to identify himself.

■ It is clear petitioner was arrested and convicted for his refusal to answer Officer Jennings' question requesting that petitioner identify himself. This is impermissible even in the context of a *lawful* investigatory stop.

There is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets.... [G]iven the proper circumstances, the person may be briefly detained against his will while pertinent questions are directed to him. Of course, *the person stopped is not obliged to answer, answers may not be compelled, and refusal to answer furnishes no basis for an arrest....*

(emphasis added). *Dunaway v. New York*, 442 U.S. 200, 210 n.12, 99 S.Ct. 2248, 2255 n.12, 60 L.Ed.2d 824 (1979) *quoting Terry v. Ohio*, 392 U.S. 1, 34, 88 S.Ct. 1868, 1886, 20 L.Ed.2d 889 (1968) (White J., concurring); *see also Davis v. Mississippi*, 394 U.S. 721, 727 n.6, 89 S.Ct. 1394, 1397 n.6, 22 L.Ed.2d 676 (1969).

In *Brown v. Texas*, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979), the Supreme Court reviewed a conviction under the same Texas statute used here to arrest and convict petitioner. In *Brown*, Chief Justice Burger, expressing the unanimous view of the Court, reversed the conviction because the officers who had stopped Brown to ascertain his identity lacked any reasonable suspicion to believe he was engaged in criminal activity. Thus, the initial stop of Brown was unlawful even under the less stringent "reasonable suspicion" criteria required for seizures that are less intrusive than a traditional arrest. *Brown*, 443 U.S. at 50, 53, 99 S.Ct. at 2640–2641. The Court, albeit in dictum, went on to pose the question: "whether an individual may be punished for refusing to identify himself in the context of a *lawful* investigatory stop...." *Brown*, 443 U.S. at 53, n.3, 99 S.Ct. at 53 n.3. (emphasis added). The Court answered by referring the reader to precisely the same portions of the *Dunaway* and *Terry* opinions quoted above, which state the proposition that although the individual may be detained briefly and questioned, he is not obliged to answer, and his refusal to answer is no basis for an arrest.

■ The conclusion of the Court in *Brown* is sound. The rationale for the position that an individual may not be arrested for his or her refusal to answer questions when accosted by police on the basis of suspicion finds its sources in the Fourth and Fifth Amendments' safeguard of the priva-

cy and security interests of citizens against arbitrary invasions by government officials. *See generally Katz v. United States*, 389 U.S. 347, [88 S.Ct. 507, 19 L.Ed.2d 576] (1967). Further, the protection afforded by the interplay of these amendments, much broader in scope, "conferred as against the government, the right to be let alone—the most comprehensive of rights and the right most valued by civilized [people]." *Olmstead v. United States*, 277 U.S. 438, 478, 48 S.Ct. 564, 572, 72 L.Ed. 729 (1928) (Brandeis, J., dissenting).

▇▇▇ The Fourth Amendment's prohibition against unreasonable searches and seizures requires that such intrusions be based upon "probable cause." *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). "The standard of probable cause represent[s] the accumulated wisdom of precedent and experience as to the minimum justification necessary to make the kind of intrusion involved in an arrest 'reasonable' under the Fourth Amendment." *Dunaway*, 442 U.S. at 208, 99 S.Ct. at 2254. The exception to this doctrine, giving police the authority to accost citizens on the basis of suspicion not rising to the level of probable cause has been strictly circumscribed. *Terry*, 392 U.S. at 27, 88 S.Ct. at 1883 (frisk for weapons based on reasonable suspicion that subject is armed and dangerous); *Dunaway*, 442 U.S. at 210, 211, 99 S.Ct. at 2255–2256 (illustrating additional limited exceptions).

▇▇▇ An individual has the right not to be arrested absent probable cause that he or she has committed a crime.[7] *Brinegar, supra.* Additionally, a person has the right to remain silent when questioned by a police officer. *Terry, supra; Dunaway, supra.*

"[T]he privacy interest in remaining silent simply cannot be overcome at the whim of any suspicious police officer." *Michigan v. DeFillippo*, 443 U.S. 31, 44, 99 S.Ct. 2627, 2636, 61 L.Ed.2d 343 (1979) (Brennan, J., dissenting).

▇▇▇ Individuals stopped by the police merely on the basis of suspicion, have a right not to be arrested, a right to remain silent, and, as a corollary, a right not to be arrested if they choose to remain silent. *Compare People v. Howard*, 50 N.Y.2d 583, 430 N.Y.S.2d 578, 408 N.E.2d 908 (1980); *People v. DeFillippo*, 80 Mich.App. 197, 262 N.W.2d 921 (Ct.App.1977) *rev'd on other grounds*, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979); *cf. DeFillippo*, 443 U.S. at 45, 99 S.Ct. at 2636. The Texas law[8], under which petitioner was arrested and convicted, makes a substantive crime out of conduct protected by the Constitution and also circumvents the probable cause standard. *Cf. Papachristou v. City of Jacksonville*, 405 U.S. 156, 168–169, 92 S.Ct. 839, 846–847, 31 L.Ed.2d 110 (1972); *Coates v. Cincinnati*, 402 U.S. 611, 616, 91 S.Ct. 1686, 1689, 29 L.Ed.2d 214 (1971). Petitioner was given the draconian choice of exercising his right to remain silent and relinquishing his right not to be arrested when he was stopped by the police on the basis of suspicion, or choosing not to be arrested and foregoing his constitutional right to remain silent.

▇▇▇ The application of Texas Penal Code Ann. § 38.02 to arrest and convict petitioner for his failure to identify himself, even in the context of a lawful investigatory stop, violated petitioner's Fourth and Fifth Amendment rights and countermanded the rule of *Terry* and its progeny: that

---

7. We do not imply that the officers lacked probable cause to believe that petitioner violated Section 38.02. However, the circumstances existing at the moment petitioner was seized by Officer Jennings did not constitute probable cause.

8. Federal courts have a duty to avoid constitutional issues that need not be resolved in order to decide the rights of the parties to the case under consideration. *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d

777 (1979); *New York Transit Authority v. Beazer*, 440 U.S. 568, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979). Thus, normally we would refrain from reaching the issue of the "facial unconstitutionality" of the statute, and limit our holding to the statute "as applied." However, the conclusion that the statute is facially unconstitutional is inescapable, and petitioner has standing to make such a challenge. *Allen*, 442 U.S. at 154, 99 S.Ct. at 2223.

police acting on less than probable cause may not arrest, compel answers or arrest those who refuse to answer their questions. Accordingly, the Court concludes petitioner may not be punished for refusing to identify himself, and the conviction must be set aside. Further, the Court concludes Section 38.02 of the Texas Penal Code is unconstitutional on its face.[9]

For the above stated reasons, the Court hereby ORDERS:

Petitioner's Application for a Writ of Habeas Corpus is GRANTED.

Petitioner's conviction is SET ASIDE.

Petitioner's sentence is VACATED.

Section 38.02 of the Texas Penal Code is declared UNCONSTITUTIONAL.