**UNITED STATES of America, Appellee,**

v.

**Samuel Conrad LeFEVRE, III, Appellant.**

**No. 81–5251.**

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1982.
Decided Aug. 10, 1982.

Thomas J. Morris, Arlington, Va., for appellant.

Clarence H. Albright, Jr., Asst. U. S. Atty., Alexandria, Va. (Elsie L. Munsell, U. S. Atty., William G. Otis, Sp. Asst. U. S. Atty., Alexandria, Va., on brief) for appellee.

\* Honorable Clyde H. Hamilton, United States District Judge for the District of South Caroli-

Before BUTZNER and SPROUSE, Circuit Judges, and HAMILTON,\* District Judge.

HAMILTON, District Judge:

Samuel Conrad LeFevre, III, was convicted for possession of a firearm after having previously been convicted of a felony, in violation of 18 U.S.C.A.App. § 1202(a)(1), and sentenced to a term of two years imprisonment with all but six months suspended. On appeal, appellant argues that the district court erred in denying his motion to suppress the loaded pistol seized from him after his arrest under Arlington County Ordinance, Section 17–13c, for failure to identify himself to a police officer. LeFevre contends that the arresting officer lacked sufficient probable cause to believe that appellant's conduct violated the terms of the ordinance and that the ordinance is unconstitutional. Finding the decision of the district court in denying appellant's motion to suppress to be correct, we affirm appellant's conviction.

Appellant LeFevre was arrested on the evening of February 27, 1981, by Cynthia Ziegler, an Arlington County Police Officer, for failing to identify himself in accordance with Arlington County Ordinance, Section 17–13c, which provides:

It shall be unlawful for any person at a public place or place open to the public to refuse to identify himself by name and address at the request of a uniformed police officer or of a properly identified police officer not in uniform, if the surrounding circumstances are such as to indicate to a reasonable man that the public safety requires such identification.

On the evening of February 27, 1981, the Arlington County Police Department had received several reports of a gang fight which was to occur that night in the area of Washington and Lee High School. The officers on patrol were advised to be on alert for suspicious activity in that area and were further informed that the anticipated brawl

na, sitting by designation.

would involve weapons. Uniformed Officer Cynthia Ziegler, who was on patrol that evening, had received the reports of the impending fight.

During the evening, Officer Ziegler met with one of her supervisors in the Skor-Mor Bowling Alley parking lot, directly across the street from Washington and Lee High School. As Ziegler was leaving the parking lot at approximately 10:45 p. m., she noticed appellant sitting on a wall outside the bowling alley licking two rolling papers together. She also noticed a pack of pre-rolled commercial cigarettes on the wall beside appellant. Based on these observations, Officer Ziegler surmised that appellant was preparing to roll a marijuana cigarette and decided to investigate further.

Ziegler stopped her patrol car approximately five to six feet from appellant and got out to approach him. Upon seeing the officer, Mr. LeFevre quickly placed his hands in his pockets, removed them, and became very nervous. Officer Ziegler asked appellant who he was and what he was doing; he gave no answer. She again asked his name and what he was doing in the area, to which he replied "why," and got off the wall. At the same time, appellant began backing away from the officer in a nervous manner, stating that he was not doing anything and wanted to be left alone. Officer Ziegler then advised appellant that she was placing him under arrest.

When the officer attempted to take appellant into custody, he began to struggle and she required the assistance of two other officers to handcuff appellant. Thereafter, the officers conducted a search of appellant's clothing which revealed a three-inch knife in Mr. LeFevre's left front pocket and a .25 calibre F.I.E. titon automatic pistol in his right rear pocket. The pistol had one round ready for firing in the chamber and three rounds in the clip.

In determining whether Officer Ziegler had sufficient probable cause to arrest appellant LeFevre under Arlington County Ordinance, Section 17–13c, the court concludes that Officer Ziegler was initially justified in conducting a *Terry* investigatory stop. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In recognition of the governmental interests of effective crime prevention and detection, the Supreme Court in *Terry* asserted that, "... a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating criminal behavior even though there is no probable cause for arrest." *Id.* at 22, 88 S.Ct. at 1880. The standard for evaluating the propriety of an investigatory stop is not probable cause, but a lesser and heretofore elusive standard sounding in terms of "articulable reasons" or "founded suspicions." However, in the 1981 Supreme Court case of *U. S. v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981), the Court clarified the standard to be applied with the following language:

> Courts have used a variety of terms to capture the elusive concept of what cause is sufficient to authorize police to stop a person. Terms like "articulable reasons" and "founded suspicion" are not self-defining; they fall short of providing clear guidance dispositive of the myriad factual situations that arise. But the essence of all that has been written is that the totality of the circumstances—the whole picture—must be taken into account. Based upon that whole picture the detaining officers must have particularized and objective basis for suspecting the particular person stopped of criminal activity. *Id.* at 417–418, 101 S.Ct. at 695.

The Court also noted that in addition to an assessment of the circumstances, an officer may take into consideration "modes and patterns of operation of certain kinds of lawbreakers." *Id.* "From these data, a trained officer draws inferences and makes deductions—inferences and deductions that might well elude an untrained person." *Id.* In the instant case, appellant's conduct of licking two rolling papers together prompted Officer Ziegler's attention. When she saw a pack of pre-rolled commercial cigarettes beside appellant, Officer Ziegler reasonably suspected that appellant was preparing to roll a "joint" and decided to inves-

tigate. Appellee argues that rolling a "joint" with hand-held cigarette papers is a typical, if not a classic, hallmark of marijuana use. It is, of course, possible that appellant was using the rolling papers for a tobacco cigarette. However, the presence of a pack of commercial pre-rolled cigarettes on the ledge beside appellant made that conclusion less likely. Appellant's conduct, taken alone, certainly would not have justified probable cause to arrest for possession of marijuana. However, the conduct did merit a *Terry-Cortez* investigatory stop.

■ Once a determination of the propriety of an investigatory stop of appellant is made, the court must also find that Officer Ziegler had probable cause to arrest appellant for a violation of Section 17–13c. This second determination is essential since under the Fourth and Fourteenth Amendments, an arresting officer may, without a warrant, search a person validly arrested. *Michigan v. DeFillippo*, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979); *U. S. v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973). It is the fact of a lawful arrest, standing alone, which authorizes the search. However, if the arrest is illegal, the search pursuant to it will also be illegal and any items seized will be inadmissible. *Jones v. Peyton*, 411 F.2d 857 (4th Cir. 1969), *cert. denied*, 396 U.S. 942, 90 S.Ct. 373, 24 L.Ed.2d 243 (1969). Accordingly, if there is no probable cause for the arrest, the search is invalid. *Michigan, supra; Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979).

The Supreme Court has repeatedly set forth that, " 'probable cause' to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense." *Michigan*, 443 U.S. at 37, 99 S.Ct. at 2632, *See Gerstein v. Pugh*, 420 U.S. 103, 111, 95 S.Ct. 854, 861, 43 L.Ed.2d 54 (1975); *Adams v. Williams*, 407 U.S. 143, 148, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612 (1972); *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). The question then becomes whether Officer Ziegler had probable cause to arrest appellant pursuant to Section 17–13c, and more specifically, whether there was probable cause to believe that the "public safety" required the identification of appellant.

■ We conclude that the following four factors, when viewed collectively, support a finding of probable cause to arrest under Section 17–13c:

(1) repeated reports to police that an armed gang fight was to occur on the night of February 27, 1981, in the area of Washington and Lee High School, which was directly across the street from the Skor-Mor Bowling Alley parking lot

(2) appellant's licking two rolling papers together coupled with the presence of a pack of commercial cigarettes

(3) furtive movements by appellant upon being approached by Officer Ziegler

(4) appellant's repeated refusal to identify himself to Officer Ziegler

Appellant argues that the licking of two rolling papers together could not possibly support probable cause for arrest under the Arlington ordinance. Admittedly, standing alone, this conduct would not support an arrest under the identification ordinance, because there could be no reasonable belief that the "public safety" required such an identification. However, when coupled with the reports of an armed gang fight which was to occur directly across the street, appellant's furtive movements and his repeated refusal to identify himself, circumstances were sufficient to warrant a prudent person's belief that appellant was a threat to "public safety" and should identify himself to Officer Ziegler. In view of our finding of probable cause, we conclude that Officer Ziegler conducted a valid search of appellant pursuant to a lawful arrest and that the handgun was properly admitted.

Appellant's second major contention challenges the constitutionality of Section 17–13c. Appellant argues for the comparison of Section 17–13c to other identification ordinances which have been held unconstitutional. *See Spring v. Caldwell*, 516 F.Supp. 1223 (S.D.Tex.1981). However, a determination of the constitutionality of Section 17–13c need not be reached. In the 1979 case of *Michigan v. DeFillippo*, the Supreme Court held that an arrest, made in good faith reliance on an ordinance, which at the time has not been declared unconstitutional, is valid regardless of a subsequent judicial determination of its unconstitutionality, and that evidence obtained in a search incident to such an arrest is admissible. 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). Officer Ziegler acted in good faith in her reliance on the validity of Arlington County Ordinance, Section 17–13c and for this reason, we need not address its constitutionality. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.