**Edward Michael MOORE,
Plaintiff–Appellant,**

v.

**Byron NELSON, Jr., Chief Judge of the Hoopa Valley Tribal Court; Leonard Masten, Chief of Hoopa Valley Tribal Police Department, Defendants–Appellees.**

**No. 00–15754.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2001

Filed Oct. 26, 2001

Russell J. Clanton, J. Bryce Kenny, Arcata, California, for the plaintiff-appellant.

K. Allison McGaw, Seattle, Washington, for the defendants-appellees.

Before: CANBY, HAWKINS and GOULD, Circuit Judges.

CANBY, Circuit Judge:

Edward Michael Moore, a member of the Yurok Indian Tribe, filed a petition for habeas corpus in the federal district court to challenge a judgment of the Hoopa Valley Tribal Court ordering Moore to pay a penalty of $18,508.50 for cutting timber on the Hoopa Valley Reservation without a permit. The petition was filed pursuant to a provision of the Indian Civil Rights Act that makes the writ of habeas corpus available in federal court to any person "to test the legality of his detention by order of an Indian tribe." *See* 25 U.S.C. § 1303. The district court dismissed the petition because Moore was not subject to "detention." We affirm.

## BACKGROUND

Moore is a member of the Yurok Indian Tribe who resides on the Hoopa Valley Indian Reservation in California. On April 11, 1996, Hoopa Valley tribal officers found Moore's logging truck loaded with timber and other logging equipment near an abandoned homesite on the reservation. An officer later interviewed Moore at his residence. After receiving *Miranda* warnings, Moore stated that he had hauled several loads of logs off the reservation. Moore was then cited for trespass and for logging without a permit, in violation of 25

C.F.R. § 163.29 and Title 15 of the Hoopa Valley Tribal Code.

After a hearing in which Moore represented himself, the Hoopa Valley Tribal Court entered an order imposing treble damages against Moore in the total amount of $18,508.50. Moore did not satisfy the judgment or file an appeal. Some months later, on application of the Tribe, the court issued an order to enforce the judgment. Moore unsuccessfully appealed the enforcement order to the tribal Court of Appeals. *Moore v. Hoopa Valley Tribe,* 26 Ind. L. Rep. 6013 (Hoopa Ct.App.1998). The Tribal Court ordered seizure and sale of Moore's truck, loader, and a motor home to satisfy the judgment.

Moore then filed this petition for writ of habeas corpus pursuant to 25 U.S.C. § 1303, and the district court dismissed for lack of jurisdiction on the ground that Moore was not subject to "detention" within the meaning of that statute. Moore now appeals.

## DISCUSSION

### I.

■ The district court properly dismissed Moore's petition. The petition was brought pursuant to 25 U.S.C. § 1303, which provides:

The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, *to test the legality of detention* by order of an Indian tribe.

25 U.S.C. § 1303 (emphasis added). As the district court found, Moore was never arrested, imprisoned, or otherwise held by the Tribe. No personal restraint has been imposed upon him as a means of enforcing the money judgment, and he has not been excluded or otherwise restricted in his movements on the Reservation. *Cf. Poo-*

*dry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 895–98 (2d Cir.1996) (holding that banishment of tribal members from their reservation is a sufficient restraint on liberty to permit habeas jurisdiction under § 1303).

At the most, Moore has been subjected to a fine. The Tribe contends, with considerable support in the record, that the judgment was a purely civil one for damages, but that point makes no difference. Even if we assume that the judgment is a fine, it does not amount to detention. We so held in *Edmunds v. Won Bae Chang,* 509 F.2d 39, 41 (9th Cir.1975), where we construed the federal habeas statutes of 28 U.S.C. §§ 2241 and 2254, both of which require that the petitioner be "in custody." We said:

> We trust that whatever Congress meant by the word "custody" when it enacted the habeas corpus statute, it did not intend to authorize federal intervention into state judicial proceedings to review a "fine only" sentence.

*Id.; see also Hensley v. Municipal Court,* 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.").

■ There is no reason to conclude that the requirement of "detention" set forth in the Indian Civil Rights Act § 1303 is any more lenient than the requirement of "custody" set forth in the other federal habeas statutes. *See Poodry,* 85 F.3d at 891 ("Congress appears to use the terms 'detention' and 'custody' interchangeably in the habeas context."). The same considerations of federal non-interference in the affairs of other sovereigns that influenced us in *Edmunds* apply to our review of the actions of Indian tribes. *See Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 62–63, 98

S.Ct. 1670, 56 L.Ed.2d 106 (1978). We therefore conclude that the imposition of a fine alone does not satisfy the "detention" requirement of § 1303.

## II.

■ Moore argues that his right to habeas review of a tribal fine is established by two Ninth Circuit cases, *Settler v. Yakima Tribal Court,* 419 F.2d 486 (9th Cir. 1969) ("*Settler I*") and *Settler v. Lameer,* 419 F.2d 1311 (9th Cir.1969) ("*Settler II*"). *Settler II* is easily distinguished; the petitioners in that case had been convicted and were free on bail. Bail status clearly restricts liberty in a way that a purely monetary fine does not; the petitioner "cannot come and go as he pleases." *Hensley,* 411 U.S. at 351, 93 S.Ct. 1571.

*Settler I* is on point, but subsequent Supreme Court decisions make clear that, on this issue, it is no longer good law. Because *Settler I* arose before the effective date of the Indian Civil Rights Act, the petitioner sought habeas review under 28 U.S.C. § 2241. We held in that case that a petitioner who had been fined by a tribal court was sufficiently in "custody" to maintain a petition for habeas corpus under 28 U.S.C. § 2241. Our reasoning was simple:

> The availability of habeas corpus appears particularly appropriate where the petitioner, although not held presently in physical custody, has no other procedural recourse for effective judicial review of the constitutional issues he raises. That is the predicament faced by the appellant here; if habeas corpus is not available, the Yakima Indian Nation can conceivably avoid the imposition of any due process safeguards merely by rendering fines rather than prison sentences.

*Settler I,* 419 F.2d at 490. This interventionist reasoning was not unusual at the

time; indeed, like many other courts we initially held that federal courts could readily imply remedies to enforce all of the guarantees of the new Indian Civil Rights Act. *See, e.g., Johnson v. Lower Elwha Tribal Community,* 484 F.2d 200, 203 (1973). The reasoning of *Settler I,* however, cannot survive two subsequent decisions of the United States Supreme Court.

The first decision is *Santa Clara Pueblo,* 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106. There the Supreme Court held that remedies against tribes or their officials could not be implied under the Indian Civil Rights Act. The Court made it clear that, in order not to intrude unduly on tribal self-government, the enforcement of most of the guarantees of the Act would be left to the tribal courts alone. *Id.* at 65–66, 98 S.Ct. 1670. "Tribal courts have repeatedly been recognized as appropriate forums for the exclusive adjudication of disputes affecting important personal and property interests of both Indians and non-Indians." *Id.* at 65, 98 S.Ct. 1670. This approach is flatly inconsistent with *Settler I*'s determination that a remedy under habeas corpus must be allowed because there would otherwise be no federal recourse for the petitioner.

It is true that *Santa Clara Pueblo* necessarily left in place the habeas corpus remedy, because Congress expressly provided for it in § 1303. But the Court's assumption that habeas requires custody is apparent from its statement that "since the respondent in a habeas corpus action is the individual custodian of the prisoner, the provisions of § 1303 can hardly be read as a general waiver of the tribe's immunity." *Id.* at 59, 98 S.Ct. 1670 (citations omitted).

The second decision of the Supreme Court that erodes *Settler I* is *Hensley,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294.

Although *Hensley* represented a liberalization of the "custody" requirement by holding that a person released on his own recognizance could bring a habeas corpus petition, *Hensley*'s reasoning is inconsistent with that of *Settler I. Hensley* posited that "[t]he custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Id.* at 351, 93 S.Ct. 1571. One who has been released on his own recognizance met that standard, according to *Hensley,* because "[h]is freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moments's notice." *Id.* Moreover, "[t]he State has emphatically indicated its determination to put the petitioner behind bars, and the State has taken every possible step to secure that result." *Id.* None of this reasoning can be squared with the conclusion of *Settler I* that a fine alone is sufficient to constitute "custody." Indeed, we invoked *Hensley* when, in *Edmunds,* we held that a "fine only" sentence did not qualify for habeas corpus review. *Edmunds,* 509 F.2d at 41.

We conclude, therefore, that the ruling of *Settler I* that a fine alone constitutes "custody" for purposes of habeas corpus review is no longer the law of this circuit. *Edmunds* controls, and Moore fails to meet the "detention" requirement of § 1303.[1]

## CONCLUSION

The judgment of the district court dismissing Moore's habeas corpus petition for lack of jurisdiction is

**AFFIRMED.**

---

1. Our determination that Moore fails to meet the requirement of detention makes it unnec-

essary for us to address the question whether Moore failed to exhaust tribal court remedies.