**Joe HILTON, Petitioner—Appellant,**

v.

**Sylvia J. JOHNSON, Respondent—Appellee.**

No. 02–16705.

D.C. No. CV–00–01691–CW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Nov. 7, 2003.

Bruce W. Nickerson, San Carlos, CA, for Petitioner–Appellant.

Peggy S. Ruffra, Deputy Atty General, AGCA–Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM *

■ Joe Hilton appeals the district court's denial of his petition for habeas corpus. We review the denial of a habeas petition de novo. *See McNeil v. Middleton*, 344 F.3d 988, 994 (9th Cir.2003). Because we find that Hilton was not in custody at the time he originally filed his habeas petition, we affirm.

Petitions for habeas corpus can be brought only by persons who are "in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (citing 28 U.S.C. § 2241(c)(3)); *see also* 28 U.S.C. § 2254(a). Once a defendant is discharged from probation or parole, he is no longer "in custody." *See Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir.1999). Hilton was discharged from probation on February 20, 2000, roughly three months before he filed his original petition for habeas corpus with the district court. Hilton was therefore not in custody at the time he filed his habeas petition and the district court was correct in finding it lacked subject-matter jurisdiction over Hilton's petition.

■ Despite Hilton's contentions, he was not in "constructive custody" because the State of California failed to sentence him to an AIDS education program as required by CAL.PENAL CODE § 1001.10. At the time Hilton filed his petition with the district court, it was no more than a mere "speculative possibility" that he would be required to take such a course in the future. The mere "speculative possibility" of confinement is insufficient custody for the invocation of habeas corpus relief. *See Edmunds v. Won Bae Chang*, 509 F.2d 39, 41 (9th Cir.1975).

■ The fact that Hilton was later able to induce the state court to return Hilton to an additional year of probation in order to complete the AIDS education program does not cure the jurisdictional defect in his original habeas petition. *See Maleng*, 490 U.S. at 490–91 (requiring the habeas petitioner to be "in custody" at the time his petition is filed).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.