Filed:  July 2, 2004

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4854
(CR-02-248)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HOLLIS BRANDON ROANE, a/k/a Brandon R.
Hollis,

Defendant - Appellant.

O R D E R

The court amends its opinion filed June 15, 2004, as
follows:

On the cover sheet, district court information -- the case
number is corrected to read "CR-02-248."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4854**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HOLLIS BRANDON ROANE, a/k/a Brandon R. Hollis,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, District Judge.  (CR-02-248)

Submitted:  May 7, 2004                 Decided:  June 15, 2004

Before WIDENER, LUTTIG, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Edwin F. Brooks, EDWIN F. BROOKS, P.C., Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Stephen W. Miller, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Hollis Brandon Roane appeals from his conviction and 100-month sentence imposed following a guilty plea to possession with the intent to distribute more than five grams of cocaine base. See 21 U.S.C. § 841 (2000). On appeal, Roane challenges the district court's decision not to hold a suppression hearing, the denial of his motion to suppress and the application of the sentencing guidelines.

For the first time on appeal, Roane objects to the district court's decision to deny Roane's motion to suppress without holding a hearing. Therefore, his claim is subject to plain error review. See United States v. Stockton, 349 F.3d 755, 761 (4th Cir. 2003), cert. denied, __ S. Ct. __, 2004 WL 264246 (Mar. 22, 2004) (No. 03-8858); Fed. R. Crim. P. 52(b). In order to notice a putative error under Rule 52(b), Roane must show (1) that an error occurred, (2) that the error was plain, and (3) that the error affected his substantial rights. See Stockton, 349 F.3d at 761. Even when all three of these criteria are met, we will not correct the error unless it seriously affects the fairness, integrity and reputation of the proceedings. Id. at 761-62.

With regard to the suppression motion, Roane fails to assert a genuine dispute of material facts. Further, he fails to show how the district court's decision to deny the motion without a hearing affected his substantial rights. Because Roane fails to

set forth a factual dispute, we cannot say that the district court's decision not to hold a hearing on the suppression issue was erroneous.

Additionally, Roane's argument that the district court erred in denying his suppression motion is similarly without merit. In reviewing the denial of a motion to suppress, this Court reviews the district court's legal conclusions de novo and its factual findings for clear error. United States v. Jones, 356 F.3d 529, 533 (4th Cir.), cert. denied, __ S. Ct. __, 2004 WL 264237 (2004). This Court reviews the facts in the light most favorable to the party that prevailed below. Id.

Roane was the subject of a Terry investigatory stop based on a witness' identification of him as the perpetrator in a recent robbery. See Terry v. Ohio, 392 U.S. 1 (1968); United States v. Quarles, 330 F.3d 650, 653 (4th Cir.), cert. denied, 124 S. Ct. 459 (2003). When several police officers attempted to stop Roane, Roane assaulted one of the officers. He was then arrested for the assault, and validly searched pursuant to that arrest. United States v. LeFevre, 685 F.2d 897, 900 (4th Cir. 1982). The search revealed the crack cocaine. The district court did not err in denying Roane's motion to suppress.

Finally, we find that the district court did not err in refusing to run Roane's federal sentence concurrently with his undischarged and unrelated state sentence imposed for violation of

his probation.  When reviewing a district court's application of the sentencing guidelines, we review the lower court's factual findings for clear error and its legal conclusions de novo. United States v. Williams, 342 F.3d 350, 357 (4th Cir. 2003), cert. denied, 124 S. Ct. 1189 (2004).

The Sentencing Guidelines dictate that if a defendant was on state probation at the time he committed the federal offense, his federal sentence should be imposed consecutively to "the term imposed for the violation of probation . . . in order to provide an incremental penalty for the violation of probation." U.S. Sentencing Guidelines Manual, § 5G1.3, Cmt. n.6 (2002).  Therefore, the district court did not err in imposing Roane's federal sentence consecutively to his state sentence for the probation violation.

Accordingly, we affirm Roane's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED