**Ex parte Sammie MAYES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 52735.**

Court of Criminal Appeals of Texas.

July 19, 1976.

**638**

Sammie Mayes, pro se.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a purported appeal in a habeas corpus proceeding in which the applicant sought a reduction in bail pending the appeal of his criminal conviction.

On April 20, 1976, applicant waived trial by jury and entered a plea of guilty before the court to the offense of aggravated robbery. Applicant was sentenced the same date. On April 23, 1976, applicant gave notice of appeal to this court. Bail pending appeal was set in the amount of $40,000.00. Subsequently, applicant made a pro se application for writ of habeas corpus to the trial court seeking a reduction in bail pending appeal. The application alleged that the bail as set was excessive, that applicant was indigent, and requested a reduction in bail to the amount of $8,000.00. On June 23, 1976, the trial court entered the following order:

"The relief prayed for be (sic) Applicant, Sammie Mayes, in the attached petition for Writ of Habeas Corpus is denied without hearing, because same does not state sworn facts which, if believed, would entitle him to relief. The Clerk of this Court is directed to place a file mark on said petition and docket this order and petition ancillary to Cause No. 230,830. "The Clerk is further ordered to transmit a copy of said petition and order to the Clerk of the Court of Criminal Appeals of Texas at Austin, Texas, another to Chief Justice Joe Greenhill of the Supreme Court of Texas, at Ausitn (sic), Texas, and a copy of this order to the applicant."

It appears from the order entered (stating that petition did not state sworn facts which, if believed, would entitle him to relief), the fact that it was transmitted to this court without notice of appeal, and the fact that the record is labeled "post-conviction" that the trial court assumed it was dealing with a post-conviction writ of habeas corpus under the provisions of Article 11.07, Vernon's Ann.C.C.P.

█ By its very terms Article 11.07, supra, applies to applications for writ of habeas corpus "after final conviction in any felony case" and the procedures to be followed. The normal question presented in such cases is whether the final judgment under which the petitioner is confined is void. See *Ex parte Young,* 418 S.W.2d 824 (Tex. Cr.App.1967).

█ A criminal case on appeal is not a final conviction, and the habeas corpus proceedings by which an applicant seeks a reduction in bail pending appeal is not governed by Article 11.07, supra.

█ In order to obtain review by this court from an order of the trial court in a habeas corpus proceeding in which the object is the setting or reduction of bail, the habeas corpus applicant must invoke the appellate jurisdiction of this court. This latter type proceeding is not subject to automatic review by this court under Article 11.07, supra; rather, it is subject to review under Article 44.34, Vernon's Ann.C.C.P., after notice of appeal has been timely given in accordance with Article 44.08, Vernon's Ann.C.C.P. See *Ex parte Silva,* 486 S.W.2d 349 (Tex.Cr.App.1972), and the cases cited under Annotation 23, Article 44.08, supra. In the instant case no such notice of appeal can be found in the record. Consequently, we are without jurisdiction to entertain the appeal.

Even had notice of appeal been timely given from the order entered by the trial court in the instant case, we would still not have jurisdiction of the instant appeal. In

*Nichlos v. State,* 158 Tex.Cr.R. 367, 255 S.W.2d 522 (1953), it was stated:

"We understand the rule to be that where an application alleging unlawful restraint is presented to a judge, and he declines to hear the prayer for relief and any proof which may be offered in support thereof no appeal lies. In fact no order is necessary in such a case, the judge merely having declined to hear the matter, the relief available to the applicant being to present his application to another judge having jurisdiction.

"On the other hand, if the judge to whom the application for habeas corpus is presented grants the writ and, after hearing the matter, determines from the evidence or from the application, or from both, that the applicant is not illegally restrained and he denies the relief prayed for, thereby remanding the applicant to custody, if on bail, or if not on bail leaving him in custody, an appeal lies to this Court." See also *Ex parte Nichlos,* 245 S.W.2d 704 (Tex.Cr.App.1952).

■ We also held in *Nichlos v. State,* supra, that the nature of the proceeding and the question of its appealable nature is not to be determined alone from the form of the order entered, but the entire record will be examined. However, it is apparent in the instant case not only from the order entered by the trial court, but the record as a whole, that the trial judge refused to issue a writ of habeas corpus commanding the person having applicant in custody to produce him before the court for a determination of the allegations in the application. Because the writ never issued or a hearing held, applicant's remedy was to present his application to another judge having jurisdiction.[1] *Nichlos v. State,* supra. Since the order entered by the trial court in the instant case was not an appealable one, this purported appeal must be dismissed. See *Ex parte Farrington,* 467 S.W.2d 479 (Tex. Cr.App.1971). We are confident that once it is brought to the trial court's attention that this is not a proceeding under Article 11.07, supra, the court will accord the applicant a hearing on his habeas corpus application for reduction of bail pending appeal to which he is entitled.

For the reasons stated, the appeal is dismissed.

---

1. While other district judges would have authority to entertain habeas corpus proceedings, this court recognizes the reluctancy of other judges to entertain such proceedings where the conviction has occurred in another district court.