**Ex parte Thomas Dow JOHNSON.**

**No. 56719.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Jan. 25, 1978.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

OPINION

ROBERTS, Judge.

This is an attempted appeal from an order of the trial judge denying the appellant's writ of habeas corpus in which the appellant sought relief from two misdemeanor convictions. See Articles 11.05 and 11.09, Vernon's Ann.C.C.P.

The appellant contends that he was denied his right to counsel and that his guilty pleas were involuntary and improperly induced by the prosecutor. We dismiss the appeal.

On September 13, 1977, the appellant pleaded guilty before the court to the misdemeanor offenses of driving while intoxicated[1] and unlawfully carrying a weapon.[2] The trial judge assessed the appellant's punishment at sixty days' confinement in the county jail for each conviction. On September 16, 1977, the appellant filed an application for writ of habeas corpus. On October 3, 1977, the trial judge filed findings of fact and conclusions of law and

1. See Vernon's Ann.Civ.St., Article 6701l-1.

2. See V.T.C.A., Penal Code, Section 46.02.

denied the writ. Notice of appeal was filed on October 12, 1977.

■ The trial judge's order and the record as a whole clearly [3] reveal that the trial judge refused to issue a writ of habeas corpus and refused to hold a hearing on the issues raised by the writ.[4] *Cf. Ex parte Crosley*, 548 S.W.2d 409 (Tex.Cr.App.1977); *Mayes v. State*, 538 S.W.2d 637 (Tex.Cr. App.1976). No appeal lies from the trial court's action. *Ex parte Crosley*, supra; *Mayes v. State*, supra; *Nichlos v. State*, supra. Also, since the appellant is not attempting to contest the validity of a felony conviction, the habeas corpus proceeding is not governed by the provisions of Article 11.07, Vernon's Ann.C.C.P., and this Court will not take original jurisdiction of the writ. See *Ex parte Phelper*, 433 S.W.2d 897 (Tex.Cr.App.1968).

■ The county and district courts have original jurisdiction in habeas corpus proceedings when a petitioner attacks the validity of a misdemeanor conviction. Articles 11.05 and 11.09, Vernon's Ann.C.C.P. Where the trial judge issues the writ but *denies the relief requested*, a petitioner has a right to appeal the order denying the petitioner's requested relief. *Ex parte Crosley*, supra; *Ex parte Phelper*, supra; *Mayes v. State*, supra. However, where the trial judge denies the writ, a petitioner's remedy is to ". . . present his application to another judge having jurisdiction." (Footnote omitted). *Mayes v. State*, supra at 639.

However, we are confident that once the trial judge is aware that the appellant's writ is not a proceeding under Article 11.07, Vernon's Ann.C.C.P., the trial judge will accord the appellant a hearing on his application for habeas corpus.

The appeal is dismissed.

**3.** See *Mayes v. State*, 538 S.W.2d 637 (Tex.Cr. App.1976); *Nichlos v. State*, 158 Tex.Cr.R. 367, 255 S.W.2d 522 (1953).

**4.** The trial judge's findings of fact, according to the court's order, were based only on the personal knowledge of the trial judge.