**Ex parte Luis Campos HERRERA.**

No. 13–88–039–CR.

Court of Appeals of Texas, Corpus Christi.

May 26, 1988.

Juan Martinez Gonzales, Beeville, for appellant.

C.F. Moore, Dist. Atty., Beeville, for appellee.

Before UTTER, SEERDEN and DORSEY, JJ.

## OPINION

UTTER, Justice.

Appeal is taken from an order entered in a habeas corpus proceeding in the 156th Judicial District Court of Bee County denying appellant bail pending appeal. For the reasons set forth below, the appeal in this habeas corpus matter is dismissed for want of jurisdiction.

The transcript reflects that appellant was convicted for felony possession of marihuana and sentenced to ten years' confinement, probated, and a $1,000 fine. On April 16, 1987, the trial court revoked appellant's probation based on the unlawful possession of cocaine, and the unlawful carrying of a handgun. Appellant gave notice of appeal[1] and was released after filing a $10,000 appeal bond. On December 17, 1987, the trial court held a second probation revocation hearing for probation violations committed after the first probation revocation order was handed down; i.e., possession of a firearm and the failure to abstain from the use of cocaine. The trial court again ordered appellant's probation revoked, to which appellant gave notice of appeal.[2] The trial court thereafter denied appellant's request for an appeal bond, which, in effect, revoked his appeal bond from the first probation revocation order.

On January 18, 1988, appellant filed an "application for a writ of habeas corpus" in the trial court[3] alleging that the trial court had denied appellant an appeal bond without a hearing and that he was entitled to an appeal bond. The trial court thereafter set a hearing on the "application for writ of habeas corpus."

At the hearing on the application for writ of habeas corpus, the prosecuting attorney reminded the trial court that it had denied appellant's request for an appeal bond after having heard the evidence at the second probation revocation hearing, and having found appellant committed additional crimes while out on his original appeal bond from the first probation revocation order. The trial court then "denied the writ of habeas corpus" and issued an order expressly stating that "applicant's application for writ of habeas corpus" was denied in open court. The defendant was not

1. We affirmed the April 16, 1987, order of the trial court revoking appellant's probation in *Herrera v. State,* 745 S.W.2d 527 (Tex.App.—Corpus Christi, 1988). A petition for discretionary review is currently pending on this cause before the Court of Criminal Appeals.

2. The appeal on Cause No. 13–87–534–CR, the second probation revocation order, is still pending before our Court.

3. Appellant also filed a motion for leave to file an application for writ of habeas corpus and an application for writ of habeas corpus in our Court. Both were dismissed for want of jurisdiction. *See Ex parte Herrera,* No. 13–88–006–CR (Tex.App.—Corpus Christi, January 6, 1988) (unpublished).

present at this hearing, nor was evidence heard on whether to set an appeal bond.

On appeal, appellant contends that the trial court erred in denying his writ of habeas corpus because there was no evidence presented by the State that he would not appear when his conviction became final, or that he was likely to commit another offense while on bail. Appellant further contends that the trial court erred in denying the writ of habeas corpus in his absence and in not holding a full hearing on his application for writ of habeas corpus. We do not reach the merits of appellant's points of error.

■ When the trial court is presented with an "application for a writ of habeas corpus," the judge may hold a hearing on the limited question of whether to issue the writ of habeas corpus, or whether to simply deny the application for writ of habeas corpus. After such a hearing, if the judge refuses to issue the writ of habeas corpus, no appeal lies. *Ex parte Noe*, 646 S.W.2d 230, 231 (Tex.Crim.App.1983); *Ex parte Johnson*, 561 S.W.2d 841, 842 (Tex.Crim. App.1978). Applicant's remedy is then to present his application to another court having jurisdiction. *Nichlos v. State*, 158 Tex.Cr.R. 367, 255 S.W.2d 522, 526 (Tex. Crim.App.1952); *Ex parte Reese*, 666 S.W. 2d 675, 677 (Tex.App.—Fort Worth 1984, pet. ref'd); *see also Ex parte Renier*, 734 S.W.2d 349, 357 (Tex.Crim.App.1987) (Teague, J., dissenting).

■ On the other hand, only after the writ of habeas corpus has been issued (with or without hearing), does the court command the person having the applicant in custody to produce the applicant before the court for a determination of whether the court should grant the relief requested by the applicant. If the court denies the relief prayed for at this subsequent hearing, an appeal lies to this court. *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex.Crim.App. 1986); *Ex parte Castaneda*, 739 S.W.2d 456, 457 (Tex.App.—Corpus Christi 1987, no pet.); *see also* Tex.R.App.P. 44 (formerly Tex.Code Crim.Proc.Ann. art. 44.34).

■ In the instant case, appellant's "application for writ of habeas corpus" was denied after a hearing on whether to issue the writ of habeas corpus. The action is not appealable. *Ex parte Noe*, 646 S.W.2d at 231; *Ex parte Moorehouse*, 614 S.W.2d 450, 451 (Tex.Crim.App.1981); *Ex parte Mayes*, 538 S.W.2d 637, 639 (Tex.Crim.App. 1976).

Inasmuch as the writ had not been issued, it was not possible for appellant, who was confined in the Texas Department of Corrections, to be present at this hearing.

For the reasons stated above, this appeal is dismissed for want of jurisdiction.