**Michael Steven JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 09–88–200 CR, 09–88–204 CR.**

Court of Appeals of Texas,
Beaumont.

Sept. 21, 1988.

Michael Steven Jones, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., and John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

This is the *second attempt* by the Appellant to appeal from a denial in the district court of his application for writ of habeas corpus relief. Hence, it seems reasonable to state that the relief, if any is appropriate, available to the Appellant/Relator is for Michael Steven Jones to present his application for a writ of habeas corpus to another judge having proper jurisdiction. *Ex Parte Moorehouse,* 614 S.W.2d 450 (Tex.Crim.App.1981); *Mayes v. State,* 538 S.W.2d 637 (Tex.Crim.App.1976).

In *Mayes, supra,* the Court of Criminal Appeals ruled, in substance, that where an application alleging unlawful or illegal restraint is presented to a *district judge,* as here, and that judge simply declines or refuses to hear evidence which may be offered in support thereof and also declines to hear and consider the prayer for relief, then the settled rule is that no appeal will lie.

In summary, when the trial judge has declined or refused to hear the matter, then the relief available to the applicant, if any, is to present his application for writ of habeas corpus to another judge having proper jurisdiction.

If, however, the judge, to whom the application for writ of habeas corpus is actually presented, conducts a hearing and, after hearing the matter, grants the writ; but he later determines, either from the evidence or from the application itself, that the applicant is not illegally restrained and denies the relief prayed for; then a different procedure comes into play. After remanding the applicant to the custody of the appropriate law officer an appeal, or original proceeding here, would lie. *See Ex Parte Nichlos,* 245 S.W.2d 704 (Tex.Crim. App.1952).

DISMISSED.