Tubbs v. State 









 





IN THE
TENTH COURT OF APPEALS
 

No. 10-92-139-CR

     WALTER JAMES TUBBS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From County Court at Law No. 2
 Brazos County, Texas
 Trial Cause # 1964-89
                                                                                                    

MEMORANDUM OPINION
                                                                                                    
 
      Walter Tubbs attempts to appeal from the purported denial of relief under a writ of habeas
corpus. We must dismiss the appeal for want of jurisdiction because the record does not reflect
that the court ever issued the writ.
      The State charged Tubbs with driving while intoxicated. After a jury was empaneled and
sworn, the court granted a mistrial over Tubbs' objection. Tubbs filed a special plea of double
jeopardy, alleging that the double-jeopardy clause of the federal constitution barred a retrial of the
case because the court did not grant the mistrial out of manifest necessity. However, the court
denied the special plea. Tubbs then petitioned for a writ of habeas corpus on the same allegations
of double jeopardy. Following a hearing, the court denied "the application for habeas," and Tubbs
gave written notice of appeal. 
      A writ of habeas corpus is a written order issued by the court or judge, directed to any one
having a person in custody or restraint, commanding him to produce the person at a time and place
named in the writ and show why the person is being held in custody or under restraint. Tex.
Code Crim. Proc. Ann. art. 11.01 (Vernon 1977). The writ must be served and a return made. 
Id. at arts. 11.27, 11.28. The transcript does not contain a writ of habeas corpus or a return of
service.
      Before the court of appeals has jurisdiction, the court must first issue the writ and then, after
a hearing, deny the relief sought in the petition for habeas corpus. Ex parte Noe, 646 S.W.2d
230, 231 n.1 (Tex. Crim. App. 1983); Ex parte Johnson, 561 S.W.2d 841, 842 (Tex. Crim. App.
[Panel Op.] 1978); Ex parte Herrera, 750 S.W.2d 923, 925 (Tex. App.—Corpus Christi 1988,
no pet.). The record does not reflect that the court ever issued the writ before denying the relief
requested in Tubbs' "application." We dismiss the appeal for want of jurisdiction. See id.
                                                                                     PER CURIAM
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed September 30, 1992
Do not publish