TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00019-CR

Ex Parte: Clark F. Williams, Appellant

FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT

NO. 94-155, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

PER CURIAM

 On September 17, 1995, appellant applied for a writ of habeas corpus from the
district court contending that further prosecution of an indictment accusing him of attempted
murder would constitute double jeopardy. (1) On October 10, the district court heard the petition
and refused to issue the writ. On December 11, appellant gave notice of appeal "from the denial
of the Defendant's habeas corpus relief requested on October 10, 1995."

 As a general rule, no appeal lies from the refusal to issue a writ of habeas corpus,
as distinguished from the denial of relief after the writ issues and a hearing is held on the merits
of the applicant's claim. Ex parte Noe, 646 S.W.2d 230 (Tex. Crim. App. 1983); Ex parte
Moorehouse, 614 S.W.2d 450 (Tex. Crim. App. 1981); Ex parte Johnson, 561 S.W.2d 841 (Tex.
Crim. App. 1978); but see Ex parte Hargett, 819 S.W.2d 866 (Tex. Crim. App. 1991) (refusal
to issue writ is appealable if trial court rules on merits of claim). Even if the district court's
ruling was an appealable order, the notice of appeal was not timely filed. Tex. R. App. P.
41(b)(1).

 The appeal is dismissed for want of jurisdiction.

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: January 24, 1996

Do Not Publish 

1. The application alleges that the State's objection to alleged racially discriminatory jury
strikes, made after jury selection was completed at the first trial of this cause, was calculated
to result in a mistrial. See Oregon v. Kennedy, 456 U.S. 667 (1982) (retrial barred if mistrial
was deliberately provoked by prosecutor or if there was no manifest necessity for mistrial). The
application, however, does not allege facts from which it can be determined if jeopardy had
attached at the first trial. See Crist v. Bretz, 437 U.S. 28, 37 (1978) (jeopardy attaches after jury
selected and sworn).