**Narit Burin BUNCHIEN, Relator,**

v.

**The Honorable Denise COLLINS, Judge, 208th Judicial District, Harris County, Texas, and The Honorable Doug Shaver, Judge, 262nd Judicial District Harris County, Texas, Respondents.**

No. 14–96–01514–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 20, 1996.

Dick DeGuerin, Matt Hennessy, Houston, for relator.

Brian W. Wice, Ray Elvin Speece, John B. Holmes, Joan Huffman, Houston, for respondents.

Before YATES, HUDSON and FOWLER, JJ.

## OPINION

FOWLER, Justice.

In this original proceeding, relator, Narit Burin Bunchien, asks that we order either Judge Collins or Judge Shaver to hold a prompt hearing on his application for writ of habeas corpus. We deny the petition for writ of mandamus.

Relator was charged with capital murder in the 208th District Court, Judge Collins presiding. On December 11, 1996, relator filed an application for writ of habeas corpus and appeared before Judge Collins, requesting a hearing on the writ. In this application for writ of habeas corpus, relator sought, among other relief, reasonable bond. Judge Collins did not issue the writ, but set the application for a hearing on January 13, 1997. Counsel for relator asked Judge Collins to hear the application sooner, but Judge Collins refused. Counsel for relator advised Judge Collins that he probably would present the application to another judge. Judge Collins responded, "You certainly have the right to do that."

Counsel for relator asserts he then presented the application to Judge Brian Rains, presiding judge of the 166th District Court, and to Judge George Godwin, presiding judge of the 174th District Court. Both Judge Rains and Judge Godwin allegedly refused to rule on the application. Counsel for relator next presented the application to Judge Shaver, who issued the writ on December 11, 1996, setting a hearing on the application for December 17, 1996 and appointing Judge Bob Burdette to conduct the hearing.

On December 12, 1996, counsel for relator learned that Judge Shaver would not hear the application on December 17, 1996, as previously set. In her affidavit submitted to this court, Judge Collins states that she called Judge Shaver and advised him: "... I believed I had set a reasonable hearing date for Mr. DeGuerin, that I am the elected judge of the 208th District Court and that I prefer to hear my own cases." In his affidavit submitted to this court, Judge Shaver concurs with Judge Collins' affidavit and adds: "As a matter of judicial comity between colleagues, I agreed that her suggestion that she hear the writ was most appropriate." Judge Shaver states that he withdrew the appointment of Judge Burdette to permit Judge Collins to rule on the writ.

Relator filed a motion for leave to file petition for writ of mandamus in this court on December 16, 1996, objecting to Judge Shaver's refusal to hear the writ. On December 17, 1996, Judge Collins issued the writ and set it for hearing, again on January 13, 1997, objecting to Judge Shaver's refusal to hear the writ. On the same date Judge Collins issued the writ, this court granted motion for leave to file petition for writ of mandamus.

To obtain mandamus relief in a criminal matter, a relator must meet a two-part test. First, relator must show he has no other adequate remedy to seek redress for the alleged error by the trial court. *Board of Pardons & Paroles v. Court of Appeals,* 910 S.W.2d 481, 483 (Tex.Crim.App.1995). Second, the act relator seeks to compel must be ministerial in nature. *Id.* Failure to demonstrate either of these required showings will result in denial of relief. *Id.*

In determining whether the writ should issue, we must further determine whether the party has an adequate remedy at law. *Id.* Respondents contend relator has an adequate remedy at law because the Court of Criminal Appeals has held that an applicant for writ of habeas corpus may take his application to other judges. *See, e.g., Ex parte Johnson,* 561 S.W.2d 841, 842 (Tex. Crim.App.1978). Although relator took his application to three judges upon Judge Collins' refusal to rule, respondents argue that relator could have turned to approximately eighteen other judges for relief.

We would agree with respondents' argument had relator sought mandamus relief from Judge Collins' refusal to rule. When Judge Collins set a hearing, but did not rule on relator's application, relator had an adequate remedy to seek a ruling from another district judge. *See Johnson,* 561 S.W.2d at 842. The record shows, however, that relator did seek relief from other district judges and obtained such relief from Judge Shaver, who issued the writ on December 12, 1996. Once the writ issued, relator no longer needed to seek relief from another judge. Relator does not ask that we order a judge to rule on his *application.* Rather, relator asks us to compel either Judge Shaver or Judge Collins to *hold a prompt hearing on the application.* We hold that relator had no other adequate remedy at law for this alleged error.

Respondents and real party in interest, the State of Texas, next argue that the act relator seeks to compel is a discretionary act, rather than a ministerial one. In support of this argument, the State cites *Fowler v. Hooey,* 573 S.W.2d 241 (Tex.Crim.App. 1978), *overruled on other grounds, Ex parte Spaulding,* 612 S.W.2d 509 (Tex.Crim.App. 1981). *Fowler* is inapplicable, however, because it concerns the discretionary matter of whether or not to issue a writ of habeas corpus. In the present case, the writ has issued. Relator claims that once the writ has issued, the trial court has a ministerial duty to hold a prompt hearing.

TEX.CODE CRIM.PROC.ANN. art. 11.11 (Vernon 1977) provides for a hearing on an application for writ of habeas corpus on "the earliest day which the judge can devote to hearing the cause of the applicant." Based on this statute, we find that, once Judge Shaver granted the writ, he had a ministerial duty to conduct a hearing as soon as practicable after granting the writ.

In the present case, we know the earliest possible date for the hearing was December 17, 1996 because this was the date Judge Shaver scheduled the hearing when he granted the writ. Judge Shaver did not conduct the hearing on the scheduled date, but withdrew the appointment to Judge Burdette and transferred the cause to Judge Collins, as a matter of judicial comity. While judicial comity is laudable, its pursuit should not obstruct or diminish constitutional protections. Because the only stated reason for not conducting the scheduled hearing on December 17, 1996 was comity, Judge Shaver violated his ministerial duty to conduct a hearing at the earliest possible date.

However, we cannot issue a writ of mandamus based on this event because of the subsequent events mentioned previously in this opinion. Although December 17, 1996 was the earliest possible date for conducting the hearing, this date has now passed. The

record shows that both respondents have now granted relator's application and that their intent is simply to transfer the matter between themselves pursuant to their inherent constitutional authority. TEX. CONST. art. 5, § 11. We cannot discern from the record the next available date for a hearing. Furthermore, we will not attempt to manage the dockets of the district courts. Nothing in the record before us suggests that either respondent can conduct a hearing before the January 13, 1997 date on which Judge Collins has now scheduled the hearing. Therefore, we cannot say, based on the record before us that either judge is presently violating a ministerial duty.

Trusting that respondents are affording relator the earliest possible date for a hearing, as required by TEX.CODE CRIM.PROC.ANN. art. 11.11, we deny relator's petition for writ of mandamus.