**2,174 OBSCENE DEVICES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–00–00192–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 14, 2000.

Nelson T. Hensley, Houston, for appellants.

Alan Curry, Houston, for appellees.

Panel consists of Justices YATES, WITTIG and FROST.

## OPINION

WITTIG, Justice.

Gino Anthony Barone appeals an adverse forfeiture judgment from County Criminal Court. On August 21, 1995, Houston Police vice officers seized from a warehouse, without a warrant, 2,174 devices claimed to be obscene. In September 1999, the State filed a motion for forfeiture and destruction of the seized items. On December 15, 1999 a hearing was conducted of the motion resulting in a judgment entered February 1, 2000. In its judgment, the trial court delineated those items found to be obscene as well as a not insignificant number of items not found to be obscene. There were no criminal prosecutions involving any of the items seized.

In his sole point of error, appellant claims the court erred in partially granting

1. Section 43.23 states:
   (a) A person commits an offense if, knowing its content and character, he wholesale promotes or possesses with intent to wholesale promote any obscene material or obscene device.
   (b) An offense under Subsection (a) is a state jail felony.
   (c) A person commits an offense if, knowing its content and character, he:
   (1) promotes or possesses with intent to promote any obscene material or obscene device; or
   (2) produces, presents, or directs an obscene performance or participates in a portion thereof that is obscene or that contributes to its obscenity.
   (d) An offense under Subsection (c) is a Class A misdemeanor.
   (e) A person who promotes or wholesale promotes obscene material or an obscene device or possesses the same with intent to promote or wholesale promote it in the course of his business is presumed to do so with knowledge of its content and character.
   (f) A person who possesses six or more obscene devices or identical or similar ob-

the State's motion to forfeit. Because Mr. Barone, the stated owner of the devices, was neither convicted under section 43.23 of the Texas Penal Code[1] (wholesale promotion of any obscene material or device), nor were the devices entered into evidence, he claims there is no statutory authority for forfeiture. Without citation to authority, appellant further argues the legislature specifically intended to eliminate the review of devices one at a time applying section 43.21 penal code definitions. Rather, the only definitions to be applied are found in article 18.18 of the Texas Code of Criminal Procedure. Examples include "prohibited weapon," article 18.18(g)(3) and "dog fighting equipment," article 18.18(g)(4). Appellant correctly observes the legislature does not include the corresponding definition of "obscene devices" in article 18.18. Thereafter, in the procedures set out to show cause why seized property should not be forfeited or destroyed, the relator is not given the option to show his property is not obscene. *See* Tex.Code Crim. Proc. Ann. art. 18.18(f).[2] Because of the missing ability to

scene articles is presumed to possess them with intent to promote the same.
   (g) It is an affirmative defense to prosecution under this section that the person who possesses or promotes material or a device proscribed by this section does so for a bona fide medical, psychiatric, judicial, legislative, or law enforcement purpose.
Tex. Pen.Code Ann. § 43.23.

2. This section states:

   If a person timely appears to show cause why the property or proceeds should not be destroyed or forfeited, the magistrate shall conduct a hearing on the issue and determine the nature of property or proceeds and the person's interest therein. Unless the person proves by a preponderance of the evidence that the property or proceeds is not gambling equipment, altered gambling equipment, gambling paraphernalia, gambling device, gambling proceeds, prohibited weapon, criminal instrument, or dog-fighting equipment and that he is entitled to possession, the magistrate shall dispose of the property or proceeds in accordance with Paragraph (a) of this article.

characterize objects as obscene, a forfeiture may only occur upon final conviction and pervious determination by the fact finder. So the argument goes.

■ And finally, appellant's one case citation illustrating there is no prohibition against an individual possessing an obscene device. *See Stanley v. Georgia,* 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). Indeed we recently observed, "No device, sitting passively on the shelf, is a criminal instrument." *Janjua v. State,* 991 S.W.2d 419, 426 (Tex.App.—Houston. [14th Dist.] 1999, no pet.). But appellant overlooks the presumption, found in our penal code, stating a person in possession of six or more obscene devices is presumed to possess them with intent to promote. *See* TEX. PEN.CODE ANN. § 43.23(f).

■ We should hasten to add we are dealing with an in rem proceeding, not the personal prosecution of Mr. Barone. Our courts have consistently held a forfeiture of personal property to be *in rem,* not against the owner, but the property itself. *See Gambling Paraphernalia, Devices, Equipment and Proceeds v. State,* 22 S.W.3d 625, 627 (Tex.App.—Dallas, 2000, no pet. h.). As in our case, there was no prosecution in *Gambling Paraphernalia.* But to the thrust of appellant's argument, what are we to make of the fact that the forfeiture "show cause" provision does not mention obscene devices?

It is true the first paragraph of article 18.18(g)(6) provides: " 'obscene device or material' means a device or material introduced into evidence and thereafter found obscene by virtue of a final judgment.…"

However, subparagraph (b) provides: "If there is no prosecution or conviction following seizure, the magistrate to whom the return was made shall notify in writing the person found in possession of … obscene device or material … to show cause why the property seized should not be destroyed or the proceeds forfeited." Further, subparagraph (e) allows any person interested in the alleged obscene device or material to appear or forfeit the interest in the property. And finally, subparagraph (g)(6) defines for purposes of this article an obscene device or material to be a "device or material introduced into evidence and thereafter found obscene by virtue of a final judgment after all appellate remedies are exhausted."

■ The trial court was afforded the testimony of both Officer Leonard concerning the seizure of the devices and Mr. Barone who claimed ownership. Further evidence concerning the devices was introduced in the form of photographs. The trial court obviously reviewed all the evidence and made discrete findings in the judgment, eliminating many items as not being obscene. Thus the requirements of both a final judgment and introduction into evidence have been met. Appellant argues the statute requires a "final conviction." The pertinent language only requires a "final judgment." [3] Appellant does not contend there was no evidence of the devices; the voluminous record indicates numerous pictorial representations such as to allow specific findings as to each item. Appellant's own testimony can be read as conceding the obscene nature of the material. We overrule appellant's only issue and affirm the judgment of the court.

TEX.CODE CRIM. PROC. ANN. art. 18.18(f).

**3.** It is problematic, as appellant duly notes, that the legislature does not provide any "burden" or opportunity in article 18.18 for the relator to show the material is not obscene. We are not here faced with a constitutional challenge so perhaps the legislature can clarify this apparent oversight before one materializes. In the meantime, the Code Construction Act presumes the statute constitutional and a "just and reasonable result is intended." TEX. GOV'T CODE ANN. § 311.021(3).