COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-04-013-CR


EX PARTE

JOHNNY DEWEY GLASS


------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION [1]

------------
        Appellant Johnny Dewey Glass seeks to appeal from the trial court’s
denial of his application for writ of habeas corpus which sought to overturn
Appellant’s misdemeanor conviction. We dismiss for want of jurisdiction.
        On March 27, 2003, Appellant filed an application for post-conviction writ
of habeas corpus. On October 23, 2003, the trial court signed an order stating
“The Court having considered the pleadings, evidence presented and arguments
of counsel, is of the opinion that the said Motion should be DENIED.” Appellant
timely filed a notice of appeal.
        On January 15, 2004, the trial court judge filed a document entitled
“TRIAL COURT’S STATEMENT CONCERNING APPEAL,” in which the judge
recited, in full:
I, L. Dee Shipman, judge of the trial court certify that this is a post
conviction writ of habeas corpus case where the writ was sought
in the District Court seeking to overturn a misdemeanor conviction
from the County Criminal Court at Law. The writ was denied in the
District Court and it is my opinion that the applicants remedy is to
file another writ application in a higher court rather than an appeal
process. The applicant has not waived the right to appeal and the
trial court has not granted any special permission to appeal. [2]

        Upon receipt of the notice of appeal, we initially determined that this
court had jurisdiction because the trial court’s order stated the judge considered
“the pleadings, evidence presented and arguments of counsel”; therefore, it
appeared that the court had ruled upon the merits of Appellant’s application for
writ of habeas corpus. Accordingly, we requested briefing on the merits of the
appeal. See Tex. R. App. P. 31.1.
        After Appellant’s brief was filed, the State filed a motion to dismiss on
the grounds that the trial court had never granted the writ, had never held an
evidentiary hearing, and had never ruled upon the merits. The State recites the
well-established rule that there is no appeal from a trial court’s refusal to issue
or grant a writ of habeas corpus. Ex parte Hargett, 819 S.W.2d 866, 868
(Tex. Crim. App. 1991). Instead, the applicant’s remedy is to present his
application to another trial court that has jurisdiction to grant relief. Ex parte
Johnson, 561 S.W.2d 841, 842 (Tex. Crim. App. [Panel Op.] 1978). However,
if the trial court undertakes to rule upon the merits of the application, even if
the court does not actually issue the writ of habeas corpus, an appeal from the
denial of the requested relief on the merits of the applicant’s claim is
appropriate. Hargett, 819 S.W.2d at 868-69.
        In his appellate brief, Appellant states that “[t]he writ was denied without 
due process of a hearing and based on the unrebutted affidavit evidence of the
Appellant.” He requests this court to either reverse the order denying the writ
and order the trial court to conduct an evidentiary hearing, or grant the relief
requested in the application for writ of habeas corpus, hold the probation
imposed upon Appellant is an illegal restraint on his liberty, and order Appellant
released from probation.
        It is undisputed that the trial court did not hold a hearing on Appellant’s
application for writ of habeas corpus. In fact, Appellant’s application stated
that “there are no unresolved controverted issues of fact to be resolved by an
evidentiary hearing and that he is entitled to the relief sought as a matter of law
in view of the allegations contained in this application.” Attached to
Appellant’s application are three exhibits, totaling 97 pages.
        On April 13, 2004, we abated this appeal and remanded the case to the
trial court to enter findings clarifying whether the trial court’s October 23, 2003
order denying Appellant’s application for writ of habeas corpus was a ruling on
the merits of Appellant’s claim. The trial court responded that the court never
considered or ruled on the merits of Appellant’s writ of habeas corpus, and the
statement pertaining to the court’s consideration of pleadings, evidence
presented, and arguments of counsel refers solely to the court’s determination
not to issue the writ. Therefore, because there is no right to appeal from the
trial court’s denial of the writ of habeas corpus, we grant the State’s motion
and dismiss the appeal for want of jurisdiction.
 
                                                                  PER CURIAM
 
PANEL D:   HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 20, 2004
 
NOTES
1. See Tex. R. App. P. 47.4.
2. The record does not contain any further certification by the trial court of
Appellant’s right of appeal. See Tex. R. App. P. 25.2(d).