EX PARTE GLASS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-013-CR

EX PARTE

JOHNNY DEWEY GLASS 

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Johnny Dewey Glass seeks to appeal from the trial court’s denial of his application for writ of habeas corpus which sought to overturn Appellant’s misdemeanor conviction.  We dismiss for want of jurisdiction.

On March 27, 2003, Appellant filed an application for post-conviction writ of habeas corpus.  On October 23, 2003, the trial court signed an order stating “The Court having considered the pleadings, evidence presented and arguments of counsel, is of the opinion that the said Motion should be DENIED.”  Appellant timely filed a notice of appeal.

On January 15, 2004, the trial court judge filed a document entitled “TRIAL COURT’S STATEMENT CONCERNING APPEAL,” in which the judge recited, in full:

I, L. Dee Shipman, judge of the trial court certify that this is a post conviction writ of habeas corpus case where the writ was sought in the District Court seeking to overturn a misdemeanor conviction from the County Criminal Court at Law.  The writ was denied in the District Court and it is my opinion that the applicants remedy is to file another writ application in a higher court rather than an appeal process.  The applicant has not waived the right to appeal and the trial court has not granted any special permission to appeal.
(footnote: 2)

Upon receipt of the notice of appeal, we initially determined that this court had jurisdiction because the trial court’s order stated the judge considered “the pleadings, evidence presented and arguments of counsel”; therefore, it appeared that the court had ruled upon the merits of Appellant’s application for writ of habeas corpus.  Accordingly, we requested briefing on the merits of the appeal.  
See
 
Tex. R. App. P.
 31.1. 

After Appellant’s brief was filed, the State filed a motion to dismiss on the grounds that the trial court had never granted the writ, had never held an evidentiary hearing, and had never ruled upon the merits.  The State recites the well-established rule that there is no appeal from a trial court’s refusal to issue or grant a writ of habeas corpus. 
 Ex parte Hargett, 
819 S.W.2d 866, 868 (Tex. Crim. App. 1991).  Instead, the applicant’s remedy is to present his application to another trial court that has jurisdiction to grant relief.  
Ex parte Johnson
, 561 S.W.2d 841, 842 (Tex. Crim. App. [Panel Op.] 1978).  However, if the trial court undertakes to rule upon the merits of the application, even if the court does not actually issue the writ of habeas corpus, an appeal from the denial of the requested relief on the merits of the applicant’s claim is appropriate.  
Hargett
, 819 S.W.2d at 868-69.   

In his appellate brief, Appellant states that “[t]he writ was denied without  due process of a hearing and based on the unrebutted affidavit evidence of the Appellant.”  He requests this court to either reverse the order denying the writ and order the trial court to conduct an evidentiary hearing, or grant the relief requested in the application for writ of habeas corpus, hold the probation imposed upon Appellant is an illegal restraint on his liberty, and order Appellant released from probation.

It is undisputed that the trial court did not hold a hearing on Appellant’s application for writ of habeas corpus.  In fact, Appellant’s application stated that “there are no unresolved controverted issues of fact to be resolved by an evidentiary hearing and that he is entitled to the relief sought as a matter of law in view of the allegations contained in this application.”  Attached to Appellant’s application are three exhibits, totaling 97 pages.

On April 13, 2004, we abated this appeal and remanded the case to the trial court to enter findings clarifying whether the trial court’s October 23, 2003 order denying Appellant’s application for writ of habeas corpus was a ruling on the merits of Appellant’s claim.  The trial court responded that the court never considered or ruled on the merits of Appellant’s writ of habeas corpus, and the statement pertaining to the court’s consideration of pleadings, evidence presented, and arguments of counsel refers solely to the court’s determination not to issue the writ.  Therefore, because there is no right to appeal from the trial court’s denial of the writ of habeas corpus, we grant the State’s motion and dismiss the appeal for want of jurisdiction.  

PER CURIAM

PANEL D: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  May 20, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
The record does not contain any further certification by the trial court of Appellant’s right of appeal.  
See
 
Tex. R. App. P. 25.2
(d).