Dismissed and Memorandum Opinion filed November 8, 2007








Dismissed
and Memorandum Opinion filed November 8, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00912-CR

 

____________

 

EX PARTE DWAYNE ANDRE PIERSON

 

 



 

On Appeal from the
County Criminal Court at Law No. 5

Harris County, Texas

Trial Court Cause No.
1303426

 



 

M E M O R A N D U M   O P I N I O N

This is
an attempted appeal from a letter, signed September 6, 2007, in which the judge
of County Criminal Court at Law No. 5 declined to take jurisdiction of the
application for writ of habeas corpus, filed by Dwayne Andre Pierson.  We
dismiss the appeal for lack of jurisdiction.

In cause
number 1303426, in County Court at Law No. 5, appellant was convicted of misdemeanor
assault and sentenced to ten months= confinement in the Harris County
Jail.  Pierson appealed this conviction and a panel of this court affirmed the
conviction by opinion and judgment issued on February 8, 2007.  No motion for
rehearing or petition for discretionary review was filed and the mandate issued
on April 6, 2007.  








According
to the record, Pierson filed applications for writ of habeas corpus in the
trial court on December 22, 2006, May 1, 2007, and June 22, 2007.  Following
the filing of each application, the trial judge issued a letter to Pierson
stating that she was declining jurisdiction and was returning Pierson=s original copy of the application. 
The latest letter from the trial judge was dated September 6, 2007.  On October
5, 2007, Pierson filed a notice of appeal from the trial court=s decision to decline jurisdiction of
his most recent application for writ of habeas corpus.

There is
no right of appeal from a refusal to issue a writ of habeas corpus when the
trial court did not consider and resolve the merits of the application.  Ex
parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991); Ex parte
Moorehouse, 614 S.W.2d 450, 451 (Tex. Crim. App. 1981); Ex parte Mayes,
538 S.W.2d 637, 638-39 (Tex. Crim. App. 1976).  An examination of the record in
this case reveals that the trial judge declined to take jurisdiction over the
application for writ of habeas corpus without hearing evidence or argument
regarding Pierson=s claims and without considering the merits of those claims. 
Because the court did not consider and resolve the merits of Pierson=s habeas corpus application, Pierson
has no right to appeal the trial court=s refusal to take jurisdiction over
his application.[1] 

Accordingly,
the appeal is ordered dismissed.

 

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed
November 8, 2007.

Panel consists of Justices Yates, Fowler, and Guzman.

Do Not Publish C
Tex. R. App. P. 47.2(b).        









[1]  The court noted in Ex parte Hargett that when
a trial court declines to consider an application for writ of habeas corpus,
the applicant=s remedies are limited.  819 S.W.2d at 868.  One
remedy available is to present the application to another court of competent
jurisdiction.  Id.