# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-13-00249-CR

---

**Ex parte Juan Valenzuela-Rodriguez**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 62936-A, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Juan Valenzuela-Rodriguez appeals from the trial court's denial of his application for writ of habeas corpus challenging his misdemeanor conviction for possession of a controlled substance. *See* Tex. Code Crim. Proc. art. 11.09. For the following reasons, we affirm.

## BACKGROUND

Pursuant to a plea agreement, appellant entered a plea of guilty to the offense of possession of a controlled substance in an amount of less than one gram, *see* Tex. Health & Safety Code § 481.115(b) (state jail felony), and was prosecuted under section 12.44(b) of the Texas Penal Code for a class A misdemeanor. *See* Tex. Penal Code § 12.44(b). Prior to accepting his plea of guilty, the trial court admonished appellant about possible immigration consequences. *See* Tex. Code Crim. Proc. art. 26.13(a)(4). After accepting his plea, the trial court followed the plea agreement and assessed punishment at confinement for one day in the county jail and a fine of $1,000. The judgment of conviction is dated January 30, 2009. Appellant was not a citizen of the United States at the time of the incident in question.

Appellant filed his post-conviction application for writ of habeas corpus in September 2012. He alleged that he was being held by immigration authorities for deportation and that his plea was involuntary because his counsel failed to correctly advise him about the immigration consequences of a guilty plea. His application was supported by the affidavit of his trial counsel in the underlying criminal proceeding. Counsel averred that, in his opinion, appellant's plea was "based on erroneous advice" and "not voluntary." According to counsel, under the terms of the plea agreement, the State agreed to dismiss a companion charge of driving while intoxicated in exchange for appellant's plea of guilty to the charge of possession of a controlled substance. Counsel averred that he believed incorrectly at the time that the plea agreement "would be the best way to avoid serious immigration consequences" and that "[i]t would have been better to plead to the DWI and get the possession case dismissed."

The trial court ordered supplementation of the record with affidavits. Trial counsel filed a supplemental affidavit in which he clarified and provided more details about the advice that he gave to appellant. He averred that he did not "recall" appellant's immigration status and, "in hindsight," he "should have spent more time explaining the immigration consequences and not have relied heavily on [appellant]'s requirement that he 'not go to jail,' if possible." After the supplementation, the trial court entered findings of fact and conclusions of law recommending that the application be denied.[1] This appeal followed.

---

[1] The parties treat the trial court's recommendation that the relief requested be denied, made in its findings of fact and conclusions of law, as a denial of the application. Accordingly, we do the same. *See Ex parte Jordan*, 659 S.W.2d 827, 828 (Tex. Crim. App. 1983) (courts of appeals have jurisdiction of appeal from trial court's denial of application brought under article 11.09); *Ex parte Johnson*, 561 S.W.2d 841, 842 (Tex. Crim. App. 1978) (district courts have jurisdiction to determine

## STANDARD OF REVIEW

We review a trial court's denial of habeas corpus relief for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In conducting our review, we review the facts in the light most favorable to the trial court's ruling. *Id.* An applicant seeking post-conviction habeas corpus relief has the burden to prove his claims by a preponderance of the evidence. *Id.*; *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002) ("To prevail upon a post-conviction writ of habeas corpus, applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief.")

## ANALYSIS

In four points of error, appellant contends that the trial court abused its discretion by denying his request for habeas corpus relief. He contends that his counsel affirmatively misled him about the immigration consequences of the plea agreement and that the trial court abused its discretion by concluding that his "counsel's erroneous advice merely went to a collateral consequence of the conviction" and by relying on (i) guilty plea admonishments given to appellant at the time of his guilty plea, *see* Tex. Code Crim. Proc. art. 26.13(a)(4); (ii) *Chaidez v. United States*, 133 S. Ct. 1103 (2013); and (iii) the trial court's conclusion that appellant did not demonstrate prejudice as a result of his counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984) (requiring showing of deficient performance and prejudice to support ineffective assistance of counsel claim). Appellant's points of error hinge on

post-conviction habeas corpus applications in cases involving misdemeanors).

3

his claim that his attorney affirmatively misled him on the advisability of accepting the plea offer because the deportation consequences of his plea were "certain." *See* 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance . . . other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.").

In *Padilla v. Kentucky*, 559 U.S. 356 (2010), the Supreme Court of the United States held that "counsel must inform her client whether his plea carries a risk of deportation." *Id*. at 374. The Supreme Court, however, held in *Chaidez* that the rule announced in *Padilla* did not apply retroactively. 133 S. Ct. at 1113. The Texas Court of Criminal Appeals also has held that the rule announced in *Padilla* does not apply retroactively under the Texas Constitution. *See Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013).

Because appellant's conviction was final in 2009 and *Padilla* was decided in 2010, appellant cannot benefit from the rule announced in *Padilla*, and pre-*Padilla* law applies. *See Chaidez*, 133 S. Ct. at 1113; *Ex parte De Los Reyes*, 392 S.W.3d at 679; *Ex parte Luna*, 401 S.W.3d 329, 334 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Under pre-*Padilla* law, "while the Sixth Amendment assures an accused of effective assistance of counsel in criminal prosecutions, [it] does not extend to 'collateral' aspects of the prosecution," *see Ex parte Luna*, 401 S.W.3d at 334 (quoting *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997)), and immigration consequences of a plea of guilty generally were considered collateral and did not support an ineffective assistance of counsel claim. *See id*. (concluding that trial court did not abuse its discretion in denying habeas application because defendant "had no constitutional right to

4

effective assistance of counsel in warning about the collateral immigration consequences of his guilty plea" under pre-*Padilla* law); *see also State v. Jimenez*, 987 S.W.2d 886, 888–89 (Tex. Crim. App. 1999) (noting that generally guilty plea "will not be rendered involuntary by lack of knowledge as to some collateral consequence" and that "consequence has been defined as 'collateral' . . . where 'its imposition is controlled by an agency which operates beyond the direct authority of the trial judge'" (citations omitted)).

Further, even if we were to conclude that appellant's trial counsel incorrectly advised appellant as to immigration consequences of the plea agreement, we reject appellant's contention that such advice—as opposed to a counsel's failure to inform a defendant of immigration consequences—dictates a different result under pre-*Padilla* law. *See Ex parte Oranday-Garcia*, 410 S.W.3d 865, 866, 868 (Tex. Crim. App. 2013) (concluding *Padilla* did not apply and denying application for habeas corpus relief in which applicant alleged that his plea was involuntary because "counsel rendered deficient performance by [incorrectly] advising him that conviction for that offense would not result in deportation"); *Ex parte Luna*, 401 S.W.3d at 334.

## CONCLUSION

For these reasons, we conclude that the trial court did not abuse its discretion, overrule appellant's points of error, and affirm.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   August 26, 2014

Do Not Publish