**Motion Granted; Appeal Dismissed and Memorandum Opinion filed October 24, 2017.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00492-CR

---

## EX PARTE HECTOR ARTURO CAMPOS

---

**On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 1538401**

---

## M E M O R A N D U M   O P I N I O N

Appellant Hector Arturo Campos attempts to appeal the trial court's order of June 12, 2017 related to his pretrial application for writ of habeas corpus seeking reduction of bail. The State filed a motion to dismiss for lack of jurisdiction contending the trial court refused to issue a writ and the June 12, 2017 order is not an appealable order. We dismiss for want of jurisdiction.

### BACKGROUND

Appellant has been indicted for murder. Bond was set at $50,000 in the indictment. On May 25, 2017, the State filed a motion to revoke and increase bail.

A hearing was held on the State's motion on May 30, 2017. After the hearing, the trial court revoked the appellant's bond and set bond at $175,000.

Subsequently, appellant filed an application for writ of habeas corpus seeking bail reduction. On June 12, 2017, the trial court signed an order entitled "order of setting." The typewritten language contained in the order states:

> On June 30, 2017[1], came on to be heard the application of Hector Campos for a Writ of Habeas Corpus, and it appearing to the Court that said Hector Campos is entitled to a hearing on said Application, it is THEREFORE ORDERED that the Clerk of this Court issue a Writ of Habeas Corpus directed to the Sheriff of Harris County, Texas, and commanding the Sheriff of Harris County to have and produce the person of Hector Campos before me in the courtroom of the 339th District Court, Harris County Courthouse, on _____, 20___, at _____ o'clock ___.m., then and there to show cause why the said Hector Campos should not be released from custody on a reasonable bond.

Handwritten on the order are "Denied" and "Held hearing on May 30, 2017." The record contains a proposed order granting or denying the writ application which is not signed. Additionally, the record contains a document entitled "Writ of Habeas Corpus" which is not signed.

This appeal followed.

## ANALYSIS

Appellant's original notice of appeal states he is seeking to appeal "the Order Denying the Application for Writ of Habeas Corpus, dated June 12, 2017." The State moved to dismiss this appeal contending there is no right of appeal from a refusal to issue a writ of habeas corpus. In response to the State's motion to dismiss, appellant sought to amend his notice of appeal. Appellant's amended notice of appeal states

---

[1] This date was handwritten on the order.

2

he is seeking to appeal: (1) "the Trial Court's Oral Order from May 30, 2017, revoking the Defendant's Bond, Setting a new bond to $175,000.00 and remanding the Defendant to Custody" and (2) "the Trial Court's Order Denying the Application for Writ of Habeas Corpus based on the hearing that was held on May 30, 2017, dated June 12, 2017." Appellant's motion to amend his notice of appeal was granted. We address whether we have jurisdiction to decide the issues raised in appellant's amended notice of appeal.

### A. Order on Motion to Revoke and Increase Bail

Generally, appeals in criminal cases are permitted only when authorized by statute. *State ex rel. Lykos v. Fine*, 33 S.W.3d 904, 910 (Tex. Crim. App. 2011); *see* Tex. Code Crim. Proc. Ann. art. 44.02. An appellate court can generally only consider an appeal by a criminal defendant after a conviction. *See State v. Sellers*, 790 S.W.2d 316, 321, n. 4 (Tex. Crim. App. 1990). Appellate courts do not have jurisdiction to review interlocutory orders in criminal appeals absent express statutory authority. *Apolinar v. State*, 820 S.W.3d 792, 794 (Tex. Crim. App. 1991). Appellant's amended notice of appeal includes the desire to appeal from the trial court's order revoking bond and setting a new bond. Interlocutory appeal does not lie from such an order. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014).

### B. Application for Writ of Habeas Corpus

There is no right of appeal from a refusal to issue a writ of habeas corpus, even after a hearing, when the trial court did not consider and resolve the merits of the application. *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991); *Ex parte Moorehouse*, 614 S.W.2d 450, 451 (Tex. Crim. App. 1981); *Ex parte Mayes*, 538 S.W.2d 637, 638-39 (Tex. Crim. App. 1976). In such cases, appellant may: (1) present the application to another judge with jurisdiction; or (2) when appropriate,

3

file an application for writ of mandamus. *See Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008). However, when a hearing is held on the merits of an applicant's claim and the court subsequently rules on the merits of that claim, the losing party may appeal. *Ex parte Hargett*, 819 S.W.2d at 868. If the record establishes that the trial court undertook to rule on the merits of the writ application, a court of appeals may have jurisdiction over the appeal even if a writ was not issued. *See id.* at 868-69. Accordingly, the ultimate question, based on appellant's amended notice of appeal, is whether the trial judge refused to consider the merits of the writ application. *See id.* at 868.

A writ of habeas corpus is "an order issued by a court or judge of competent jurisdiction, directed to anyone having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint." Tex. Code Crim. Proc. Ann. art. 11.01. The trial judge issued no such order in this case. Rather, the trial judge handwrote "denied" on an "order of setting" related to a requested hearing on the writ application.

While it is possible the trial court's decision not to issue the writ was based in part on a determination that appellant's claim lacked merit after the May 30 hearing related to the motion to revoke bail, that alone does not entitle appellant to an appeal. *Cf. Ex parte Miller*, 931 S.W.2d 724, 725 (Tex. App.—Austin 1996, no pet.). "[T]here is a distinction between the issuance of a writ of habeas corpus and the granting of relief on the claims set forth in an application for that writ." *Ex parte Hargett*, 819 S.W.2d at 869. The record before us does not establish that the trial court ruled on the underlying merits of appellant's writ application in its June 12 order. We conclude the June 12 order did not resolve the merits of appellant's writ application. Accordingly, appellant has no right of appeal from the order.

**CONCLUSION**

We conclude that we do not have jurisdiction to decide the issues raised in appellant's amended notice of appeal. Accordingly, we grant the State's motion to dismiss and order the appeal dismissed for lack of jurisdiction.


/s/     Marc W. Brown
Justice


Panel consists of Justices Christopher, Brown, and Wise. (J. Christopher, dissents without opinion).
Do Not Publish — TEX. R. APP. P. 47.2(b).