

## IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

### NO. PD-0461-24

## EX PARTE ANGEL EUGENE, Appellant

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIRST COURT OF APPEALS
## HARRIS COUNTY

*Per curiam.*

## O P I N I O N

On February 10, 2022, Harris County Criminal Court at Law No. 16 (the "trial court"), held appellant in contempt, sentenced her to six months in jail, and probated the sentence for one year community supervision.

On February 3, 2023, appellant filed a writ of habeas corpus in the district court (the "habeas court"). The habeas court issued the writ the same day. Appellant argued that her restraint in the contempt case was illegal and that the contempt judgment was void because it was based upon constitutionally insufficient notice.

On February 6, 2023, the trial court entered an order dismissing its judgment of contempt. Appellant filed an amended application arguing that it was not clear that the

trial court's dismissal "had any legal effect" because it was questionable whether it "can undo a final judgment a year after finding someone in contempt."

On February 24, 2023, the habeas court held a hearing on appellant's application. In light of the dismissal by the trial court, the habeas court denied relief. Appellant filed a notice of appeal from the habeas court's denial of relief.

The court of appeals dismissed for lack of jurisdiction. *Ex parte Eugene*, No. 01-23-00172-CR slip op. (Tex. App.–Houston [1st Dist.] April 2, 2024)(not designated for publication). The court reasoned that because the cause against appellant had been dismissed by the trial court, the premise underlying her habeas application was gone and the legal issues rendered moot. The court also noted that appellant had provided no authority in her habeas petition to support her argument that the trial court's order dismissing the judgment of contempt was without any legal effect, and the court was aware of no such authority. Finally, the court said that there was no right of appeal from a refusal to issue a writ of habeas corpus when the habeas court did not consider the merits. It held that appellant had no right of appeal because the record did not reflect that the trial court considered or resolved the merits of the habeas application.

Appellant has now filed a petition for discretionary review in which she contends that the court of appeals erred by failing to address her argument that the trial court lacked jurisdiction to dismiss the contempt judgment. Appellant also contends that the court of appeals erred in holding she had no right to appeal. We agree with both contentions.

Where a habeas court issues the writ but denies relief, the applicant has a right to

appeal the denial of relief. *See Ex parte Johnson*, 561 S.W.2d 841, 842 (Tex. Crim. App. 1978)(where trial court issues writ but denies relief, petitioner has right to appeal order denying relief); *see also Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998). Here, the habeas court "issued" the writ on February 3, 2023. On February 24, 2023, it held a hearing and denied relief. Appellant appealed from the habeas court's denial of relief. Appellant's appeal was properly before the court of appeals.

Appellant argued before the court of appeals that the trial court had no jurisdiction to dismiss the judgment of contempt it had entered almost a year before because its plenary power had expired. Appellant cited authority in support of her argument. The court of appeals was required to address appellant's argument. *See* TEX. R. APP. P. 47.1 (court of appeals must issue a written opinion "that addresses every issue raised and necessary to final disposition of the appeal").

We grant appellant's petition for discretionary review, vacate the judgment of the court of appeals, and remand this cause to the court of appeals for proceedings consistent with this opinion.

Delivered July 31, 2024
Do not publish